**RELIANCE STEEL PRODUCTS COMPANY, Appellant,**

v.

**WATSON, ESS, MARSHALL & ENGGAS.**

No. 81–2522.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 1, 1982.

Decided April 15, 1982.

Herbert A. Fogel, Philadelphia, Pa., for appellant.

George P. Williams, III., Carl A. Solano, Philadelphia, Pa., for appellee; Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., of counsel.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

**OPINION OF THE COURT**

GIBBONS, Circuit Judge.

Reliance Steel Products Company (Reliance), a Pennsylvania corporation, appeals from a judgment dismissing its complaint

against Watson, Ess, Marshall & Enggas (Watson), a Missouri law partnership, on the ground of lack of personal jurisdiction over a non-resident defendant. We affirm.

This suit was originally brought in the Court of Common Pleas of Philadelphia County against Watson for breach of contract and negligent legal representation. The suit was subsequently removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, where the defendant immediately raised the jurisdictional defense and discovery commenced with regard to that issue.

Reliance sought to establish that Watson was subject to the court's jurisdiction under the Pennsylvania "long-arm" statute, 42 Pa. C.S. § 5301, et seq.

After deposing James F. Duncan, a partner in the defendant firm, it became apparent that Reliance would not carry its burden of proving that the activities of the defendant brought it within the scope of the Pennsylvania long-arm statute. *See Amba Marketing Systems, Inc. v. Jobar Intern., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977); *DiCesare-Engler Productions, Inc. v. Mainman Ltd.*, 81 F.R.D. 703, 705 (W.D.Pa.1979); *see also Compagnie des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d 877, 881 (3rd Cir. 1981), *cert. granted sub nom. Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinea*, —— U.S. ——, 102 S.Ct. 502, 70 L.Ed.2d 377 (U.S.1981).

Reliance then sought further discovery through a series of interrogatories which questioned Watson's activities in all forums. However, the district court limited the scope of those interrogatories to "activities occurring within or concerning Pennsylvania or citizens of Pennsylvania." After a hearing on the jurisdictional issue, the district court entered judgment in Watson's favor, holding that the defendants had never availed themselves of the privilege of acting in Pennsylvania, that the cause of action arose from the defendant's activities outside Pennsylvania, and that their acts did not have a substantial enough connection with Pennsylvania to make the exercise of jurisdiction reasonable.

Reliance alleges that the Eastern District of Pennsylvania could assert personal jurisdiction over Watson under Fed.R.Civ.P. 4(e) and the Pennsylvania long-arm statute, 42 Pa.C.S. §§ 5301–5308 and §§ 5321–5322. Specifically, the plaintiff relies on § 5322(a)(4) which permits jurisdiction over a non-resident defendant when the claim arises out of an act or omission occurring outside of Pennsylvania, but causing harm or tortious injury within the state.

More generally, the plaintiff claims that the district court could have asserted personal jurisdiction to "the fullest extent allowed under the Constitution;" the minimum contacts standard expressed in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and urges us to forego any other analysis.

■ However, our examination must go further, for there are two steps to be undertaken when personal jurisdiction is asserted over a non-resident defendant on bases other than consent, or general presence personally or by an agent. The initial determination that must be made is whether the claim or cause of action which is being pursued arises from the defendant's forum related activities or from non-forum related activities. *Schwilm v. Holbrook*, 661 F.2d 12 (3rd Cir. 1981). The focus must be on the relationship of the transaction giving rise to the law suit to the forum where the plaintiff seeks to litigate it. *Paolino v. Channel Home Centers, Inc.*, 668 F.2d 721, 724 (3rd Cir. 1981).

If the claim pursued arises from forum related activity, the court must determine whether there are enough contacts with the forum arising out of *that* transaction in order to justify the assertion of jurisdiction over the out-of-state defendant. Such examination of affiliating circumstances is only appropriate in the analysis of the forum related claim.

If the claim pursued arises from non-forum related activity, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Compagnie*

*des Bauxites de Guinea v. Ins. Co. of North America*, 651 F.2d 877 (3rd Cir. 1981). Obviously this is a much higher threshold to meet for the facts required to assert this "general" jurisdiction must be "extensive and persuasive." *Id.* at 890 (Gibbons, J., dissenting).

■ If this latter theory applies to this case, the plaintiff has failed to demonstrate any continuous or substantial forum affiliation by the defendant. The only concrete evidence posited by the plaintiff of the defendant's "purposeful availment of the privilege of conducting business in Pennsylvania" is an advertisement in Martindale Hubbell Law Directory which circulates in that state and a referral from a Philadelphia firm that resulted in this litigation.

An advertisement seeking business in Missouri, even had it been in an exclusively Pennsylvania directory would not, by itself, constitute "continuous and substantial" business activity. *Lebkuecher v. Loquasto*, 255 Pa.Super. 608, 389 A.2d 143 (1978).

Furthermore, the referral by which Reliance seeks to establish a significant business relationship between Pennsylvania and Watson was not only unsolicited by Watson, but was manifested in its initial contact by a telephone call from Reliance in Pennsylvania to Watson in Missouri, wherein Reliance sought to engage Watson to represent it in Missouri and Kansas. As *Hanson v. Denkla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), taught, "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *See also, Baron v. Bank of New Jersey*, 497 F.Supp. 534, 535 (E.D.Pa. 1980).

■ This leads to the other contention of the plaintiff, that the cause of action arose as the result of Watson's activities within the forum, and as such the court need only find that Watson availed itself of privileges within the forum in connection with its transaction with the plaintiff. Reliance bases this argument on the allegation that Watson negligently delivered legal advice into Pennsylvania by telephone and subsequently billed the client in Pennsylvania and that any willing representation of a Pennsylvania client makes the firm amenable to personal jurisdiction in that state. But to accept this theory we must totally disregard the operative facts that the plaintiff seeks to establish to win its case on the merits.

Those facts concern the matter that brought the parties together in the first place. This matter was a replevin action to recover 37 steel panels that Reliance had sold for the construction of a highway in Kansas. Without reaching the merits of Reliance's claims of legal negligence on the part of Watson it is undeniable that the state with the least significant contacts is Pennsylvania. The res of the action was located in Kansas, the replevin bond in issue was negotiated in Kansas, an ex parte order of replevin was issued by a Kansas judge. In fact, the only significant contact that exists between Pennsylvania and Watson is the result of this lawsuit, not its cause.

### Conclusion

The order of the district court dismissing this action will be affirmed.