**ALPHA PRESS COMPANY**

v.

**Charles D. STANLEY.**

**Civ. A. No. 83-2098.**

United States District Court,
E.D. Pennsylvania.

June 22, 1983.

 

Robert Whitley, III, Doylestown, Pa., for plaintiff.

Jeanne Ward Ryan, John J. Murphy, III, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court in this diversity action for breach of an oral settlement agreement is the motion of defendant Charles D. Stanley to dismiss the amended complaint for lack of jurisdiction over the person. For the reasons set out below, the motion shall be granted.

Plaintiff Alpha Press Company filed its original complaint on April 6, 1983, in the Court of Common Pleas of Bucks County, Pennsylvania. Alpha seeks compensatory and punitive damages against defendant based on defendant's alleged breach of an oral agreement to settle a lawsuit brought by defendant against Alpha in the Court of Common Pleas of Trumbull County, Ohio. On May 3, 1983, defendant removed the Bucks County action to this Court pursuant to 28 U.S.C. § 1441, and immediately raised the jurisdictional defense. In response, Alpha filed an amended complaint which basically reiterated the allegations set forth in the original complaint except for the addition of three paragraphs in which Alpha asserts that this Court has personal jurisdiction over defendant. Allegedly, defendant arranged for the shipment of more than 10 presses into and through Pennsylvania over a 7–10 year period. Alpha claims that in light of the shipments defendant is subject to the Court's jurisdiction under the Pennsylvania long arm statute, 42 Pa.Con.Stat. Ann. § 5301 et seq. (Purdon 1981), specifically § 5322(a)(1)(iii) thereof. Also cited as providing a basis for in personam jurisdiction are the following long arm sections: 42 Pa.Con.Stat.Ann. §§ 5322(a)(1)(ii), 5322(a)(1)(iv), 5304, & 5306.

In *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587 (3d Cir.1982), the Third Circuit set out the relevant principles for determining whether in personam jurisdiction may properly be asserted over a non-resident defendant on grounds other than consent, general presence personally or by an agent.

The initial determination that must be made is whether the claim or cause of action which is being pursued arises from the defendant's forum related activities or from non-forum related activities. *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir.1981). The focus must be on the relationship of the transaction giving rise to the law suit to the forum where the plaintiff seeks to litigate it. *Paolino v. Channel Home Centers, Inc.,* 668 F.2d 721, 724 (3d Cir.1981).

If the claim pursued arises from forum related activity, the court must determine whether there are enough contacts with the forum arising out of that transaction in order to justify the assertion of jurisdiction over the out-of-state defendant. Such examination of affiliating circumstances is only appropriate in the analysis of the forum related claim.

If the claim pursued arises from non-forum related activity, the plaintiff must demonstrate that in other respects the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Compagnie des Bauxites de Guinea v. Ins. Co. of North America,* 651 F.2d 877 (3rd Cir.1981). Obviously this is a much higher threshold to meet for the facts required to assert this "general" jurisdiction must be "extensive and persuasive." Id. at 890 (Gibbons, J., dissenting).

*Id.* at 588–89.

▉ Alpha attempts to show a continuous and substantial forum affiliation by defendant based on the alleged shipping activity mentioned earlier. This attempt fails because the operative facts do not rise to

the required level such that continuous and substantial contacts could be said to exist.

Defendant, a former manufacturer's representative for Alpha, was hired to solicit orders for Alpha's products and did so in the assigned areas of Ohio, Michigan and Canada. Defendant's term of employment was from June 1972 to March 1981. At all times during this period Alpha was incorporated in New Jersey. Alpha contends that by soliciting orders in Ohio, Michigan and Canada, defendant undertook a course of conduct whereby defendant knew that goods would be shipped by truck from New Jersey through Pennsylvania and then to their ultimate destination. Based on this, Alpha asserts that the Court has jurisdiction under 42 Pa.Con.Stat.Ann. § 5322(a)(1)(iii) which provides in relevant part that "[t]he shipping of merchandise directly or indirectly into or through this Commonwealth" shall support the exercise of an in personam jurisdiction. There are two problems with this approach. First, the proposition that by defendant's participation in soliciting orders in Ohio, Canada and Michigan on behalf of a New Jersey corporation he indirectly shipped merchandise through Pennsylvania within the meaning of § 5322(a)(1)(iii), is tenuous at best and seems to strain the word "indirectly" to an intolerable extent. Second, and more importantly, § 5322(c) limits the scope of jurisdiction under § 5322(a) as follows:

> When jurisdiction over a person is based solely upon this section, *only a cause of action or other matter arising from acts enumerated in subsection (a),* . . . may be asserted against him.

42 Pa.Con.Stat.Ann. § 5322(c) (Purdon 1981) (emphasis added). Here, Alpha's claim is for breach of a settlement agreement and does not arise from defendant's alleged shipping activity. *See Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587 (3d Cir.1982). Thus in view of § 5322(c), the fact that merchandise may have passed through Pennsylvania

partly through defendant's efforts does not support in personam jurisdiction under § 5322(a)(1)(iii) for purposes of this suit for breach of a settlement agreement. Section 5322(c) also forecloses the need to discuss whether jurisdiction might be obtained under §§ 5322(a)(1)(ii) or (iv) based on the same facts.

■ As an alternative argument, Alpha contends that this Court has jurisdiction over defendant under 42 Pa.Con.Stat.Ann. § 5304 or § 5306, because the settlement offer in question was made to and accepted by plaintiff in Pennsylvania. Neither of these in rem jurisdictional sections applies to the present dispute however. Section 5304 gives the Court jurisdiction over documents which are situated in Pennsylvania. Here there is no document in existence which could be situated anywhere let alone in Pennsylvania, only writings executed by plaintiff in Pennsylvania in the hope and expectation that a settlement would be effectuated. There is thus no valid res the interests in which could form the basis for jurisdiction, and section 5304 accordingly cannot apply. Section 5306 gives the Court jurisdiction over "obligations owed by persons who are subject to the jurisdiction of the tribunals of this Commonwealth." This section does not help Alpha gain in personam jurisdiction over defendant because even assuming the existence of an obligation within the meaning of § 5306,[1] presumably one by defendant to accept plaintiff's check and sign the release, it has yet to be established that defendant is a person subject to Pennsylvania jurisdiction. Thus by its own terms § 5306 does not apply.

CONCLUSION

Plaintiff Alpha has failed to demonstrate that defendant, a non-resident, is subject to this Court's exercise of in personam jurisdiction. Accordingly, defendant's motion to dismiss will be granted.

An appropriate Order will be entered.

---

1. As of this date, no Pennsylvania court has construed the provisions of 42 Pa.Con.Stat. Ann. §§ 5304 or 5306 (Purdon 1981).