**DOMMEL'S HOTEL, INC.**

v.

**EAST WEST HELICOPTER, INC. and W. Barry Pruss.**

**Civil Action No. 83–4321.**

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1984.

type of government land which they cover; § 420 governs rights-of-way through military bases.

James F. Heinly, Lancaster, Pa., for plaintiff.

Geoffrey A. Kahn, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff, Dommel's Hotel, Inc. (Dommel's) brought this action against defendants East West Helicopter, Inc. (East West) and W. Barry Pruss (Pruss) alleging breach of contract, negligence and fraud arising out of the defendants' sale of a helicopter to the plaintiff. The defendants have moved to dismiss the action for lack of *in personam* jurisdiction. The relevant facts are not in dispute.

Plaintiff, Dommel's, is a Pennsylvania corporation with its principal place of business in Lancaster, Pennsylvania. Defendant, East West, is an Ohio corporation with its principal place of business in Harrison, Ohio. It has been in the business of selling, servicing and repairing helicopters and helicopter parts since its founding in 1976. Defendant, Pruss is the president of East West and has held that position since 1978. Prior to that time he was vice president of the company. He resides in Aurora, Indiana.

East West has never conducted or solicited business in the State of Pennsylvania. Nor has Pruss so acted on his own behalf or that of East West. Neither defendant has ever:

1. owned or rented any real or personal property in Pennsylvania;

2. maintained an office or place of business in Pennsylvania;

3. obtained a telephone listing in Pennsylvania;

4. maintained bank accounts or records in Pennsylvania;

5. paid any taxes or filed any government reports in Pennsylvania; or

6. advertised in any Pennsylvania publications.

Turning our attention to the specifics of the matter at bar, it is agreed that all actions relating to the sales agreement in question took place in Ohio. In October, 1980, Bruce Dodd, a pilot for Dommel's, inquired about the possibility of purchasing a helicopter from East West. Following this initial contact, Dodd visited East West's plant in Harrison, Ohio, to inspect the helicopter and review certain records pertaining to it. Dodd's visit to Ohio was followed by another visit there by Robert Dommel on or about October 24, 1980. At that time, Dommel negotiated the terms of the agreement for the purchase of the helicopter. An agreement for a purchase price of $169,000.00 was prepared and executed by Dommel and Pruss that day. Dommel also gave Pruss a $20,000.00 down payment.

The following month, Dodd returned to Ohio to complete the transaction. After receiving an invoice and bill of sale for the helicopter, he paid East West the balance of the purchase price and departed in the helicopter. At all times relevant to this action the parties were aware that the helicopter was being purchased for principal use in Pennsylvania.

Defendants contend that dismissal is warranted because their contacts with Pennsylvania are insufficient for this Court to assert personal jurisdiction over them. Plaintiff, conceding a dearth of contacts, insists that *in personam* jurisdiction is appropriate solely because "the helicopter was sold with full knowledge and intention that it should be principally used and hangared in Pennsylvania".[1]

When a plaintiff seeks to assert personal jurisdiction over a non-resident defendant for reasons other than his consent or his general presence within the forum, either personally or through his agent,

> the Court must first determine whether the claim or cause of action arises from the defendant's forum-related activities or non-forum-related activities, focusing on the relationship of the transaction giving rise to the lawsuit to the forum where the plaintiff seeks to litigate it.

*Webb Research Corp. v. Rockland Industries, Inc.*, 580 F.Supp. 990 at 992 (E.D.Pa. 1983); *Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggass*, 675 F.2d 587, 588 (3d Cir.1982).

■ If the claim arises from forum-related activity, there must be sufficient contacts with the forum arising out of *that specific* activity to warrant asserting jurisdiction over the non-resident defendant. *Reliance Steel Products Company, supra*, at 588. The contacts should be such that the exercise of jurisdiction would not offend "our traditional conception of fair play and substantial justice". *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). The Supreme Court later described this fairness

concept as requiring "The defendant's conduct and connection with the forum State [to be] such that he should reasonably anticipate being hailed into court there". *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ However, if the claim arises from non-forum-related activity, the non-resident defendant's contacts with the forum must be "qualitatively and quantitatively greater than where the cause of action is forum-related". *Compagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances*, 723 F.2d 357, 362 (3d Circuit 1983). The courts have required a plaintiff to show that the defendant has maintained "continuous and systematic" forum affiliations. *International Shoe Co., supra*, 326 U.S. at 317–320, 66 S.Ct. at 158–160; *Reliance Steel Products Company, supra*, at 588.

■ As a district court sitting in diversity, we must apply the laws of the state in which we sit. Therefore, we begin our inquiry by looking to Pennsylvania's long-arm statute. The Pennsylvania statute reflects the forum-related/non-forum-related analysis which we have previously described.

Under 42 PA. CONST. STAT. ANN. § 5322(b), the personal jurisdiction of all courts within the Commonwealth shall extend

> to the fullest extent allowed under the Constitution of the United States and may be based on the *most minimum contact* with this Commonwealth allowed under the Constitution of the United States. (emphasis added)

In addition, under 42 PA. CONST. STAT. ANN. § 5301(a)(2)(iii), a court within the Commonwealth can exercise personal jurisdiction over a corporation if it conducts "a continuous and systematic part of its general business within the Commonwealth".

In the case at bar, plaintiff does not argue that personal jurisdiction is appropri-

---

**1.** Plaintiff's brief in opposition to defendants' motion to dismiss at page 3.

ate because of the defendants' "continuous and systematic" conduct of business within the state of Pennsylvania. In fact, plaintiff does not dispute that the only dealings East West has had with Pennsylvania residents over its seven-year existence, excepting the helicopter sale at issue, has been two discrete sales, the circumstances of which being nearly identical to those of the instant matter.[2] Therefore, viewing, for the moment, the helicopter sale in question as non-forum-related, plaintiff would be unable to make the necessary showing to confer in personam jurisdiction under 42 PA. CONST. STAT. ANN. § 5301(a)(2)(iii).

Plaintiff does contend, however, that personal jurisdiction is conferred under each of three alternate sections of the Pennsylvania long-arm statute. Under § 5322(a)(1)(iii), it argues that the defendant's knowledge that the helicopter would be "principally used and hangared in Pennsylvania" is sufficient in and of itself, to show a "shipping of merchandise" into the Commonwealth. Secondly, plaintiff contends that the facts establish a "contract to supply ... things in this Commonwealth" within the meaning of § 5322(a)(1). Finally, plaintiff argues that the defendants' conduct outside the Commonwealth caused "harm or torturous [sic] injury in this Commonwealth", as provided in § 5322(a)(4).

■ Implicit in plaintiff's contentions is that personal jurisdiction automatically arises if the facts of the matter at bar can be construed to meet the requirements of any of the above mentioned statutory sections. This is a misconception. Even assuming facts which satisfy the statutory requirements, our inquiry is not complete. It is axiomatic that once jurisdiction is properly established under Pennsylvania's long-arm statute, it must further be determined whether the exercise of in personam jurisdiction is consistent with due pro-

cess. *Continental Access Control Systems, Inc. v. Racul-Vikonics, Inc.*, No. 83–263 slip op. at 14 (E.D.Pa. December 23, 1983); *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974, 981 (1981).

■ Applying the minimum contacts analysis of *International Shoe* and *World-Wide Volkswagen* to the undisputed facts of the instant matter, we are compelled to find and conclude that the defendants' contacts with the forum are woefully insufficient to support our exercise of personal jurisdiction. The defendants' knowledge that the helicopter was being purchased for primary use in Pennsylvania is the *only* connection with this forum.[3] All other aspects of the sales transaction at issue are non-forum-related. The Supreme Court of Pennsylvania, quoting, in part, the United States Supreme Court, held that

although foreseeability of the indirect shipment of a product into this Commonwealth or the foreseeability that an act outside the Commonwealth may cause an effect within the Commonwealth may satisfy the requirements of the Long-Arm Statute, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause". *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 562, 62 L.Ed.2d 490 (1980).

*Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974, 981 (1981). Moreover, borrowing from the well-reasoned analysis of then Chief Judge Lord in *Jacobs v. Lakewood Aircraft Service, Inc.*, 493 F.Supp. 46, 48 (E.D.Pa.1980), we find that "the transportation of the [helicopter] to Pennsylvania was, so far as the defendant[s] [are] concerned, completely fortuitous". Although the defendants here, as in *Jacobs*, knew the aircraft would be taken to Pennsylvania, it made no difference to them whether it went to any other state or

---

**2.** See, Affidavit of William Barry Pruss at p. 2, paragraph 10. (attached to motion to dismiss).

**3.** Plaintiff alleges in its complaint and an officer of plaintiff states, by way of affidavit, (See, Affidavit of Robert W. Dommel) that all parties were aware that the helicopter was being pur-

chased primarily for use and hangaring in Pennsylvania. For purposes of this motion, we are required to view all facts in a light most favorable to the plaintiff. Therefore, we assume this statement to be true.

even remained in Ohio. "Defendant[s]' connection with the aircraft was entirely in [Ohio]." *Id.* Plaintiff cannot establish the requisite contacts with the state of Pennsylvania through its own unilateral activity. As the Supreme Court held in *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958),

> The unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant *purposely avails* itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. (emphasis added).

Such purposeful activity on the part of the defendants is lacking in this case.

For the aforementioned reasons, we will grant the defendants' motion to dismiss.