**ALLEGHENY LUDLUM STEEL CORPORATION, Plaintiff,**

**v.**

**PACIFIC GAS AND ELECTRIC COMPANY, Defendant.**

**Civ. A. No. 84–1608.**

United States District Court, W.D. Pennsylvania.

Dec. 27, 1984.

David McClenahan, Kirkpatrick Lockhart, Pittsburgh, Pa., for plaintiff.

Leonard Fornella, Corcoran, Hardesty, Ewart, Whyte & Polito, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

In this diversity action for breach of contract, defendant moves to dismiss for lack of personal jurisdiction or, in the alternative, to transfer to a more convenient forum. For the reasons set forth below, the action will be transferred.

Allegheny Ludlum Steel Corporation is a Pennsylvania corporation with its principal place of business in Pennsylvania. It manufactures stainless and specialty steel. Pacific Gas and Electric Company (PG & E) is a California corporation with its principal place of business in California. It provides electricity and gas to customers in northern and central California.

Allegheny Ludlum alleges the parties entered into a contract under which Allegheny Ludlum was to manufacture and sell and PG & E to buy stainless steel condenser tubing for use in the construction of units 16 and 20 of a power plant in California. Allegheny Ludlum alleges the contract called for delivery of the tubing for

unit 20 to a company in Pennsylvania and for delivery of the tubing for unit 16 to the jobsite in California. Allegheny Ludlum further alleges the tubing for unit 20 was delivered but that PG & E wrongfully cancelled the contract for tubing for unit 16.

Subject matter jurisdiction is alleged on the basis of diversity of citizenship and amount in controversy. Personal jurisdiction over PG & E is asserted under Pennsylvania's long-arm statute. PG & E moves to dismiss for lack of personal jurisdiction, to dismiss under the doctrine of forum non conveniens, or to transfer to a more convenient forum.

Fed.R.Civ.P. 4(e) provides for service of process upon a party not an inhabitant of or found within the state, under the circumstances and in the manner prescribed in the statutes of the state in which the district court is held. Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5301 *et seq.*, provides for exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States."

■ Federal courts sitting in diversity are bound by the highest state court's interpretations of its own statutes, but are not bound by state judicial interpretations of the due process clause of the United States Constitution. *Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.*, 567 F.2d 554, 556 n. 1 (3d Cir.1977). Thus, the Court of Appeals for the Third Circuit has undertaken an independent assessment of the phrase "to the fullest extent allowed under the Constitution of the United States." *Id.*

■ In determining whether an assertion of personal jurisdiction comports with due process, initially it must be determined whether the cause of action arises from defendant's forum-related activities or whether the cause of action arises from defendant's non-forum-related activities. *See Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588 (3d Cir.1982). If the cause of action arises from defendant's forum-related activities, the defendant is subject to the so-called "special" or "transactional" jurisdiction if the defendant had sufficient contacts with the forum arising out of that transaction. *Id.* If the cause of action arises from defendant's non-forum-related activities, the defendant is subject to the so-called "general" jurisdiction, if, in other respects, the defendant had continuous and substantial forum affiliations. *Id.*

■ The due process clause imposes two limitations on the exercise of specific jurisdiction. *Empire Abrasive Equipment*, 567 F.2d at 557. First, out of respect for values of federalism, the due process clause forbids a state from exercising its adjudicatory authority in a manner that encroaches upon the sovereignty of a sister state. *Id.* "A state must have some palpable interest—rationally connected with public policy—in adjudicating a dispute within its borders for jurisdiction to be lawfully acquired." *Id.* Second, the due process clause "prevents a state of plaintiff's choosing from coercing defense of a suit in a forum which, because of its remoteness from defendant's residence and from witnesses and proof, would be fundamentally unfair." *Id.*

Pennsylvania's long-arm statute reflects this dichotomy between specific and general jurisdiction. *Compagnie des Bauxites de Guinee v. L'Union*, 723 F.2d 357, 362 (3d Cir.1983). A single forum-related contact is sufficient to give jurisdiction under 42 Pa.C.S.A. § 5322, but the cause of action must arise out of that contact. *Id.* 42 Pa.C.S.A. § 5301 provides for general jurisdiction over a corporation which does continuous and systematic business in the state, regardless of whether the event or transaction sued on took place in Pennsylvania. *Id.*

■ Defendant's challenge to the court's exercise of personal jurisdiction imposes on the plaintiff the burden of coming forward with facts, by affidavit or otherwise, in support of personal jurisdiction. *Compagnie des Bauxites de Guinea v. Insurance Company of North America*, 651 F.2d 877, 880 (3d Cir.1981), *aff'd*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

*General jurisdiction over PG & E*

■ Allegheny Ludlum contends PG & E is subject to both general and specific jurisdiction. Allegheny Ludlum first contends PG & E maintains continuous and substantial business activities in Pennsylvania so that it is generally amenable to process in a lawsuit unrelated to these Pennsylvania activities. To support its assertion that PG & E maintains continuous and substantial business activities in Pennsylvania, Allegheny Ludlum relies on a list of more than 200 businesses with which PG & E has transacted business over the years and to which PG & E has directed payment in Pennsylvania.

In *Helicopteros Nacionales de Colombia v. Hall,* —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) the Supreme Court held that a non-resident defendant's substantial purchases of goods and services in the forum did not establish continuous and systematic business activity for the exercise of general jurisdiction. In *Helicopteros* a wrongful death action had been brought against a Colombian defendant in Texas; the cause of action arose from the crash of defendant's helicopter in Peru, but it was asserted that defendant's other contacts with Texas made defendant generally subject to the jurisdiction of the Texas courts.

The defendant had the following contacts with Texas: defendant's Chief Executive Officer attended a contract negotiation session in Texas; over a seven year period defendant purchased helicopters, spare parts and accessories for more than $4,000,000 from a Texas company; defendant sent prospective pilots to Texas for training and to ferry aircraft back to South America; defendant sent management and maintenance personnel to visit a Texas company to receive plant familiarization and for technical consultation; defendant received over $5,000,000 in payments drawn upon a Texas bank.

The court held defendant's contacts with Texas were not continuous and systematic. With respect to the purchase of goods and services in Texas, the court held that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros,* —— U.S. at ——, 104 S.Ct. at 1874, 80 L.Ed.2d at 413.

Under *Helicopteros* Allegheny Ludlum has not shown that PG & E is subject to general jurisdiction.

*Specific jurisdiction over PG & E*

Allegheny Ludlum next contends this action arises from PG & E's activities in Pennsylvania so that PG & E is subject to personal jurisdiction.

Neither the contract negotiations, nor the contract formation, nor the contract's performance according to its terms, nor its termination occurred in Pennsylvania. Allegheny Ludlum maintained a sales office in California and solicited business in California. PG & E solicited a bid from Allegheny Ludlum by mailing a bid invitation to Allegheny Ludlum's California sales office. Allegheny Ludlum responded by mailing a proposal to PG & E from Allegheny Ludlum's Connecticut office. Thereafter, PG & E awarded two purchase orders to Allegheny Ludlum, mailing them to Allegheny Ludlum's California and Connecticut offices.

The contract was with the Allegheny Ludlum division located in Connecticut. The contract documents were executed in California or Connecticut. The only state law referenced in the contract was California's, and the contract did not state that the tubing was to be manufactured in Pennsylvania. All invoices, shipping documents, drawings and bills of lading were to be mailed to PG & E in California. Allegheny Ludlum's invoices were sent to PG & E from Allegheny Ludlum's Connecticut office and requested payment forwarded to Allegheny Ludlum's California office.

All correspondence and communications with respect to the termination of the contract took place in California, or between

California and Connecticut or between California and Oklahoma.

Nevertheless, Allegheny Ludlum has identified three PG & E contacts with Pennsylvania which it contends permit the exercise of specific jurisdiction. First, that Allegheny Ludlum is the largest stainless and specialty steel company in the United States and its headquarters and principal manufacturing facilities have always been located in Pittsburgh. These facts are well known in the stainless steel industry and are certainly known by PG & E, which has had many prior dealings with Allegheny Ludlum. Second, that the condenser tubes for unit 20 were delivered to a company in Pennsylvania which was constructing the condenser. Third, that PG & E employs five inspectors who are assigned the eastern half of the United States but reside in Pennsylvania.

In determining whether PG & E is subject to specific jurisdiction it is necessary to first consider the due process limitation derived from federalism. In *Empire Abrasive Equipment*, 567 F.2d 554, a Pennsylvania seller brought suit against a Rhode Island bank in Pennsylvania for the bank's wrongful cancellation of a letter of credit. Because Pennsylvania was the corporate residence of the plaintiff beneficiary, and the letter of credit was issued in connection with the sale of goods by that Pennsylvania seller, the court found Pennsylvania had a sovereign interest in adjudicating the dispute. Here Pennsylvania is the corporate residence of Allegheny Ludlum and the contract was for tubing manufactured in Pennsylvania by Allegheny Ludlum. These contacts likewise establish Pennsylvania's sovereign interest in adjudicating the dispute between Allegheny Ludlum and PG & E.

■ It is next necessary to consider the due process limitation derived from fundamental fairness. "At the outset it is clear that a straightforward rule which permits a court to assert jurisdiction over any nonresident defendant that purchases goods from a resident would be constitutionally

unacceptable." *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.*, 532 F.Supp. 951, 958 (E.D.Pa.1982). Thus, jurisdiction over PG & E can not be premised on the knowledge of the stainless steel industry, or of PG & E through its prior dealings with Allegheny Ludlum, that Allegheny Ludlum manufactures its tubing in Pennsylvania.

*Strick* identified four factors significant in gauging the extent to which a defendant may have been able reasonably to foresee that his breach of that contract would subject him to suit in the forum: (1) the character of the pre-contract negotiations; (2) the location of those negotiations; (3) the terms of the sales agreement; (4) the type of goods sold. *Id.* Whereas PG & E's non-passive role in pre-contract negotiations and the sophisticated, high-priced industrial equipment purchased would suggest PG & E may have been able to reasonably foresee being haled into court in Pennsylvania, *see Strick*, 532 F.Supp. at 959; the location of the pre-contract negotiations in California and the terms of the contract suggest an unfairness in forcing PG & E to litigate in Pennsylvania. *Id.*

■ The second and third PG & E contacts identified by Allegheny Ludlum do not tip the scales in favor of Allegheny Ludlum. The fact that the condenser tubes for unit 20 were delivered to a company in Pennsylvania is of little relevance because the present action is for the alleged wrongful cancellation of the contract to supply condenser tubes for unit 16. That is, the delivery of the tubes for unit 20 to a Pennsylvania company is not a forum-related activity which gives rise to this cause of action.

■ Similarly, the fact that PG & E employs five inspectors who reside in Pennsylvania and work in a territory that includes Pennsylvania is not a forum-related activity which gives rise to this cause of action. Allegheny Ludlum has not suggested that the tubing for unit 16, or unit 20 for that matter, was inspected in Pennsylvania, or

elsewhere, by an inspector residing in Pennsylvania.

In *Empire Abrasive Equipment,* 567 F.2d at 558, the court concluded the issue of fairness could best be decided by reference to the expectations of the parties to the contract. The court looked at not only what was undertaken but also alternative courses of conduct which were rejected. Here Allegheny Ludlum chose to conduct activities outside of Pennsylvania. PG & E did nothing in Pennsylvania. PG & E in no way invoked the protection of Pennsylvania law.

Consideration of the factors enumerated in *Strick* and *Empire Abrasive* raises grave doubts as to the fairness of compelling PG & E to defend in Pennsylvania.

*Transfer under 28 U.S.C. § 1404(a).*

■ Having found that PG & E is not subject to general jurisdiction under *Helicopteros* and that the exercise of specific jurisdiction is likely constitutionally infirm, the Court is left with either dismissing the case or transferring it to the Northern District of California.

Transferring the case would certainly be more convenient for PG & E and the witnesses it would call on its behalf. On the other hand, Allegheny Ludlum will obviously be inconvenienced by a transfer. However, a dismissal would cause Allegheny Ludlum even greater inconvenience. *See Omni Exploration, Inc. v. Graham Engineering Corp.,* 562 F.Supp. 449, 455 (E.D. Pa.1983).

Accordingly, the case will be transferred to the Northern District of California, at San Francisco, under 28 U.S.C. § 1404(a).

An appropriate order will be entered.