**Frederick C. NICOLAISEN, Plaintiff,**

v.

**TOEI SHIPPING COMPANY, LTD., et al., Defendants.**

**Civ. A. No. 86–2621.**

United States District Court,
D. New Jersey.

March 10, 1989.

Fernand L. Laudumiey, III, Howard, Laudumiey & Mann, New Orleans, La., and Peter L. Gallagher, Cinnaminson, N.J., for plaintiff.

Leroy S. Corsa and Lenore E. McQuilling, Walker & Corsa, Hoboken, N.J., for defendants.

## OPINION

WOLIN, District Judge.

In this maritime case, defendant Toei Shipping Co., Ltd. ("Toei") moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the complaint of plaintiff Frederick C. Nicolaisen for lack of personal jurisdiction and insufficiency of service of process. In the alternative, defendant moves for the Court to dismiss the action on *forum non conveniens* grounds. For the reasons set forth below, defendant's motion to dismiss for lack of personal jurisdiction will be granted.

## I. BACKGROUND

With a fact pattern that would make any law school professor proud, this case effectively spans the globe in terms of its geographic contacts. The case poses the intriguing jurisdictional question of whether an American who now resides in Texas and who was injured in Panama, can bring a suit (transferred from Louisiana) against a Japanese ship owner in the forum of New Jersey.

The saga begins on September 9, 1983 in Balboa Anchorage, Panama, where plaintiff had resided and worked for 12 years as an admeasurer for the Panama Canal Commission of the United States government. Plaintiff was attempting to board an ocean-going Japanese vessel, the M/V TAMA REX ("TAMA REX"), from a Panama Canal Commission launch vessel. Apparently, a rope ladder gave way causing plaintiff to fall back onto the launch. As a result of the fall, plaintiff suffered serious injuries.

The TAMA REX is owned by Toei, a Japanese corporation with its principal place of business and base of operations outside of the United States. At the time of plaintiff's injury, the TAMA REX was operating under a 7-½ year time charter with Reefer Express Lines Propriety, Ltd., ("Reefer Express"), a Bermudian corporation with an office in New Jersey. The time charter took effect upon delivery of the new vessel to Toei. It is undisputed that, as is the practice, Reefer Express, as time charterer, directed where the TAMA REX would make port and what the crew, furnished by Toei, would do. Pursuant to Reefer Express' instructions, the TAMA REX made 17 port calls to New Jersey from 1980 to 1984: three in 1980, three in 1981, nine in 1982, one in 1983, one in 1984. Since January 21, 1984, the TAMA REX has made no port calls to New Jersey. The TAMA REX continues to be under time charter to Reefer Express, which has an option to buy the vessel.

On March 2, 1984, plaintiff filed suit in the United States District Court for the Eastern District of Louisiana. On July 3, 1986, in response to defendants' motion to dismiss, Judge Marcel Livaudais, Jr. of the

Eastern District of Louisiana ordered the action transferred to the District of New Jersey.

Defendant now moves to dismiss the action for lack of personal jurisdiction, insufficient service of process [1] and, in the alternative, for dismissal based on the ground of *forum non conveniens.*

## II.  DISCUSSION

In cases where the defendant has properly raised a jurisdictional defense, "the plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction." *Time Share Vacation v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984) (quoting *Compagnie des Bauxites de Guinee v. L'Union,* 723 F.2d 357, 362 (3d Cir.1983)). Even though this is a nondiversity case, the Court can exercise jurisdiction over Toei only to the extent New Jersey's long-arm rule, New Jersey Court Rule 4:4–4, authorizes services of process on out-of-state defendants such as Toei. *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981). New Jersey's long-arm rule has been interpreted as permitting out-of-state service "to the uttermost limits permitted by the United States Constitution." *Charles Gendler & Co. v. Telecom Equipment Corp.,* 102 N.J. 460, 469, 508 A.2d 1127, 1131 (1986). Therefore, this Court can exercise jurisdiction over Toei only if plaintiff can demonstrate that Toei's contacts with New Jersey are sufficient enough to satisfy the Due Process clause of the United States Constitution.

A plaintiff can meet the burden of demonstrating sufficient contacts between the forum and the defendant in two distinct manners. In *Dollar Savings Bank v. First Security Bank of Utah,* the court explained that:

> Personal jurisdiction over a nonresident defendant may be asserted in two situations. The first, 'general jurisdiction,' exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum. [Citations omitted.] The second, 'specific jurisdiction,' is invoked when the claim is related to or arises out of the defendant's contacts with the forum. [Citations omitted.]

746 F.2d 208, 211 (3d Cir.1984) (footnote omitted).

■ If a plaintiff's claim is related to or arises out of the defendants' contacts with the forum, "specific jurisdiction" may be found if the defendant has sufficient minimum contacts with the forum. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In the present case, it is undisputed that plaintiff's injury occurred in Panama, and was completely unrelated to any of Toei's contacts with New Jersey. Therefore, the principle of specific jurisdiction is of no use to plaintiff in his attempt to demonstrate that this Court may properly exercise personal jurisdiction over Toei.

■ Because plaintiff's claim is unrelated to Toei's forum activities, the Court can exercise personal jurisdiction over Toei only if "general jurisdiction" can be established. To establish general jurisdiction, a plaintiff must demonstrate that the defendant has maintained "continuous and substantial" forum affiliations. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Provident National Bank v. Cal. Federal Savings & Loan Ass'n,* 819 F.2d 434 (3d Cir.1987); *Reliance Steel Products v. Watson, ESS, Marshall,* 675 F.2d 587 (3d Cir.1982); *Compagnie des Bauxites de Guinea v. Ins. Co. of North America,* 651 F.2d 877 (3d Cir.1981). General jurisdiction requires greater contacts between defendant and forum than those "minimum contacts" required to establish "specific jurisdiction." Commenting on "general jurisdiction," the Third Circuit has stated: "Obviously, this is a much higher threshold to meet for the facts required to assert this general jurisdiction must be 'ex-

---

1. Defendants' argument regarding insufficient service of process is based on Fed.R.Civ.P. 4(e) and, by implication, New Jersey's long-arm rule, N.J.Ct.R. 4:4–4(c). As such, defendants' service of process argument hinges on defendants' contention that no personal jurisdiction exists; therefore, the service of process issue will not be separately considered by the Court.

tensive and persuasive.'" *Reliance Steel Products,* 675 F.2d at 589 (citations omitted).

In his attempt to demonstrate that general jurisdiction exists over Toei in this Court, plaintiff relies on the 17 port calls the TAMA REX made to New Jersey between 1980 and 1984. Plaintiff also points to the fact that Reefer Express, the firm that time chartered the TAMA REX, has continually maintained an office in New Jersey.

The Court finds that the combination of the TAMA REX's New Jersey port calls and Toei's dealings with Reefer Express, while perhaps sufficient to support an exercise of specific jurisdiction, did not constitute continuous and substantial affiliations with New Jersey, and therefore cannot properly subject Toei to the general jurisdiction of this forum.

In *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 416, 104 S.Ct. 1868, 1872, 1873, 80 L.Ed.2d 404 (1984), the Supreme Court phrased the test for general jurisdiction as whether the defendant corporation's contacts with the forum state "constitute ... continuous and systematic general business contacts."

Analyzing Toei's contacts with New Jersey under the above standard, the Court finds that Toei's contacts with New Jersey can be better characterized as haphazard and fortuitous rather than "continuous and systematic." The TAMA REX's 17 port calls to New Jersey, while spanning almost four years, were not consistent. After nine port calls in 1982, the TAMA REX only made one port call in each of 1983 and 1984, and none after January 21, 1984.

Apart from the number of port calls, the issue of Toei's lack of control over where the TAMA REX would make port is significant. Under the terms of the Toei–Reefer Express Time Charter Agreement, as with all time charters, it is the charterer, and not the owner, who directs where the vessel will voyage and at what ports the vessel will call. The owner merely furnishes the crew and officers required to operate the vessel. Toei's lack of control over where the TAMA REX would make port militates against finding that Toei was reasonably put on notice that it might be called upon to defend actions in New Jersey, especially actions that did not arise in the state. As the Supreme Court stated in the seminal case of *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state."

In *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981), the Third Circuit found it unacceptable that a ship manufacturer could be subject to *specific* jurisdiction in New Jersey merely because a ship it worked on in Japan was docked by the ship's owners in New Jersey, where a longshoreman was injured. The Court discounted the argument that the ship manufacturer could have foreseen that a ship it worked on might make port in New Jersey, stating:

> Were we to accept [plaintiff's] foreseeability argument in this case, [the ship manufacturer] would be amenable to suit in every forum where a ship on which it had done conversion work and over which it exercised no control, could be found.... The fortuitous circumstances that the owners chose to dock in New Jersey is insufficient to support the assertion of jurisdiction over [the ship manufacturer] under the New Jersey long-arm rule.

*Id.* at 286.

The reasoning of *DeJames* is especially applicable to the case at bar because plaintiff contends that port calls over which Toei had no control can serve as a basis for subjecting Toei to the general jurisdiction of New Jersey courts. This result would not comport with the requirements of Due Process.

Plaintiff also argues that the fact that Reefer Express, with which Toei did business, has an office in New Jersey, serves as a basis for exercising general jurisdiction over Toei. The Court disagrees. Reefer Express is a Bermudian corporation

with offices in New York and New Jersey. Evidence suggests that the TAMA REX charter agreement was negotiated in New York and not in New Jersey. Gibson Affidavit, p. 12. In addition, the Charter Agreement contained a New York choice-of-law clause. Given this background, Toei's dealings with Reefer Express do not suggest that Toei purposely availed itself of the privilege of conducting business in New Jersey or should reasonably have expected to be haled into court there. See *Reliance Steel Products*, 675 F.2d at 587. Without evidence that Toei conducted extensive business with Reefer Express in that corporation's New Jersey office, plaintiff's argument becomes that a corporation can be subject to the general jurisdiction of any state where another business with which it deals maintains a satellite office. This argument cannot survive Due Process analysis.

Because the TAMA REX's New Jersey port calls and Toei's dealings with Reefer Express do not constitute such continuous and systematic affiliations with New Jersey that are necessary to support an exercise of general jurisdiction, plaintiff's claim must be dismissed for lack of personal jurisdiction.[2]

### III. CONCLUSION

For the reasons discussed above, defendants' motion to dismiss plaintiff's action for lack of personal jurisdiction will be granted.

---

**2.** The Court's finding that no personal jurisdiction exists over Toei makes it unnecessary to decide whether the doctrine of *forum non conveniens* warrants dismissal of the action. However, it bears noting that had the Court decided the *forum non conveniens* issue, there is a strong likelihood the case would have been dismissed on that basis. A consideration of the private and public interest factors discussed by the Supreme Court in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), as well as the choice-of-law factors set forth in *Lauritzen v. Larsen,* 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), suggests that it would be an undue burden on both the defendant and this Court to try this case in this forum. Plaintiff did not choose to bring suit in New Jersey, and plaintiff's injury had no connection whatsoever to this forum. The most convenient forum for this action is almost certainly Panama, where the injury occurred and where most of the witnesses are located. It should also be noted that plaintiff has already instituted suit in Panama.