

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2006

# Asanov v. Gholson Hicks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Asanov v. Gholson Hicks" (2006). *2006 Decisions*. Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2623

ALEXANDER N. ASANOV; OLGA S. PETROVA-ASANOV;
LUDMILA A. ASANOV; BIOELECTROSPEC INC

v.

GHOLSON, HICKS & NICHOLS, P.A.;
DEWITT T. HICKS, JR.; M. JAY NICHOLS

Alexander N. Asanov, Olga
S. Petrova-Asanov, Ludmila A. Asanov,
Appellants

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-2098)
District Judge: Honorable Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2006

Before: BARRY, CHAGARES, AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: November 2, 2006 )

OPINION

PER CURIAM

Appellants Alexander N. Asanov, Olga S. Petrova-Asanov, and Ludmila A. Asanov (collectively "the Asanovs") filed suit against a Mississippi law firm, Gholson, Hicks & Nichols, P.A., and two of its attorneys, Mississippi residents Dewitt T. Hicks, Jr., and M. Jay Nichols (collectively "the law firm defendants").[1] The Asanovs sued the law firm defendants for representing two individuals who sued the Asanovs in the United States District Court for the Northern District of Mississippi. Not only did the Asanovs allege that the lawsuit filed by the law firm defendants was frivolous, they also took issue with the law firm defendants' actions in the Mississippi district court. For instance, they alleged that the law firm defendants committed fraud upon the Mississippi court by fabricating false documents and otherwise, and that the law firm defendants demonstrated incompetence in their actions in that forum by not understanding terms like "contract" and "contractual agreement." The law firm defendants moved to dismiss the Asanovs' complaint, arguing that the District Court, sitting in the Middle District of Pennsylvania, did not have personal jurisdiction over them. The District Court granted the motion, and dismissed the Asanovs' complaint. The Asanovs appeal and move for appointment of

---

[1] The suit was also brought in the name of BioElectroSpec, Inc., the Asanovs' company. On the defendants' motion, the District Court dismissed BioElectroSpec, Inc., from the Asanovs' action because BioElectroSpec, Inc., was not represented by counsel. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). The Asanovs specifically do not appeal from the order dismissing BioElectroSpec, Inc., from the action. (Appellants' Reply Brief at 3.)

counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise de novo review over the District Court's decision that it lacks personal jurisdiction over the law firm defendants. See Telecordia Tech Inc. v. Telkom SA Ltd., ___ F.3d ___, No. 05-1653, 2006 WL 2337266, at *2 (3d Cir. Aug. 14, 2006). We accept all of the allegations in the Asanovs' complaint and construe disputed facts in favor of the Asanovs. See id. However, we review the factual findings of the District Court for clear error. See id. Employing these standards of review, we will affirm the order of the District Court, as the District Court correctly concluded that it lacked personal jurisdiction over the law firm defendants.

We have elsewhere summarized the essential applicable rules governing the exercise of personal jurisdiction, specifically:

> A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. Fed.R.Civ.P. 4(e). The Pennsylvania Long-Arm Statute provides in relevant part that "the jurisdiction of the tribunals of this Commonwealth shall extend … to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981). *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir. 1984). The due process clause of the fourteenth amendment of the United States limits the reach of the long-arm statutes so that a court may not assert personal jurisdiction over a non-resident who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316 . . . (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 . . . (1940)). The nature of these contacts must be such that

3

the defendant should be reasonably able to anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 . . . (1980).

Provident Nat'l Bank v. California Federal Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987).

Because the law firm defendants raised a jurisdictional defense, the Asanovs bore the burden of establishing with reasonable particularity sufficient contacts between the defendants and Pennsylvania, the forum state, to support jurisdiction. See Provident Nat'l Bank, 819 F.2d at 437. The Asanovs were obligated to show general jurisdiction, that is, that the defendants had continuous and systematic contacts with the forum state, or specific jurisdiction, that their cause of action arose upon the defendants' activities within the forum state. See id.

The Asanovs did not meet their burden to show either general or specific jurisdiction. In their complaint, the Asanovs alleged generally that the law firm defendants "made numerous contacts with Pennsylvania." (Complaint at 1.) They described the contacts as "extensive in time." (Id.) In affidavits attached to the complaint, the Asanovs further contended that defendants Hicks and Nichols "made numerous contacts . . . over the phone, fax, electronic and surface mail." (Id., Affidavit of Alexander N. Asanov at 2.) The Asanovs reiterated these allegations in their response to the law firm defendants' motion to dismiss for lack of personal jurisdiction. The response itself borders on inadequate. See Time Share Vacation Club v. Atlantic Resorts,

4

Inc., 735 F.2d 61, 66 (3d Cir. 1984) (holding that a plaintiff establishing personal jurisdiction must present more than "mere affidavits which parrot and do no more than restate plaintiff's allegations without identification of particular defendants and without factual content").

In any event, the contacts that the Asanovs describe, all arising from the parties' interactions in relation to the Mississippi lawsuit, are not the continuous and substantial contacts that support general jurisdiction. Furthermore, although mail and telephone communications and the like sent by defendants into the forum may count as minimum contacts that support jurisdiction, see Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 482 (3d Cir. 1993), they do not support specific jurisdiction in this case. We must focus on "the relationship of the transaction giving rise to the lawsuit to the forum where the plaintiff[s] seek[] to litigate it." See Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 588 (3d Cir. 1982). The Asanovs' cause of action did not arise from the multiple "phone, fax, electronic and surface mail" contacts (as a lawsuit relating to contract negotiations over the phone or fax might, see Grand Entm't Group, 988 F.2d at 482-83, or a claim based on tortious misrepresentations in phone, fax, and other correspondence could, see Kultur Int'l Films v. Covent Garden Pioneer, FSP, 860 F. Supp. 1055, 1062 (D.N.J. 1994)). Their lawsuit in the Middle District of Pennsylvania arose from the law firm defendants' actions in the Northern District of Mississippi, namely the purported fraud and incompetence in that forum. Accordingly, the contacts

5

that the law firm defendants had with the Asanovs in this forum are not minimum contacts that support specific jurisdiction. Cf. Sher v. Johnson, 911 F.2d 1357, 1363 (9th Cir. 1990) (holding that "normal incidents" of legal representation, such as making phone calls and sending letters, do not, by themselves, establish purposeful availment to support the assertion of personal jurisdiction).

In sum, the District Court properly dismissed the Asanovs' suit against the law firm defendants for lack of personal jurisdiction. Accordingly, we will affirm the District Court's judgment. The Asanovs' motion for appointment of counsel is denied.