

2006 Decisions

**Opinions of the United States Court of Appeals for the Third Circuit**

8-14-2006

# Telcordia Tech Inc v. Telkom SA Ltd

Precedential or Non-Precedential: Precedential

Docket No. 05-1653

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Telcordia Tech Inc v. Telkom SA Ltd" (2006). *2006 Decisions.* Paper 528.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/528

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1653

TELCORDIA TECH INC, in the matter of the
arbitration of certain controversies between,

Appellant

v.

TELKOM SA LTD

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 04-cv-02463)
District Judge: Hon. John C. Lifland

Argued on January 13, 2006

Before: SCIRICA*, FUENTES and ROTH**, <u>Circuit Judges</u>.

(Opinion filed August 14, 2006)

*This case was argued before the panel of Judges
Fuentes, Roth and Rosenn. As Judge Rosenn passed away on
February 7, 2006, Judge Scirica has been added to the coram.

**Judge Roth assumed senior status on May 31, 2006.

Allen B. Green, Esquire (Argued)
McKenna, Long & Aldridge
1900 K Street, N.W.
Washington, DC  20006

Charles M. Lizza, Esquire
Jay G. Safer, Esquire
LeBoeuf, Lamb, Greene & MacRae
One Riverfront Plaza
Newark, NJ  07102

Jay G. Safer, Esquire
LeBoeuf, Lamb, Greene & MacRae
125 West 55th Street
New York, NY 10019

              Counsel for Appellants

Eugene D. Gulland, Esquire (Argued)
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, DC  20004

              Counsel for Appellees

---

OPINION OF THE COURT

---

**ROTH**, Circuit Judge:

We review here two orders by the District Court of New Jersey.  In the first, the District Court granted Telkom SA Ltd.'s motion to dismiss Telcordia Technologies Inc.'s petition to confirm a partial arbitral award.  Specifically, the District Court dismissed Telcordia's petition with prejudice because of issue preclusion or estoppel resulting from a previous decision by the D.C. Circuit Court of Appeals dismissing a similar petition by

2

Telcordia without prejudice. In the alternative, but still in the first order, the District Court dismissed the petition without prejudice because the court chose to exercise "its discretion not to enforce the award at this time."

In the second order, the District Court dismissed the petition for lack of personal jurisdiction over Telkom and denied Telcordia's request for jurisdictional discovery. For the reasons that follow, we find that the District Court does have personal jurisdiction over Telkom. Furthermore, we find that considerations of comity and the proper interpretation of the New York Convention dictate that the petition be dismissed without prejudice.

## I.    Background

Telcordia, with a principal place of business in Piscataway, New Jersey, entered into a multimillion dollar contract with Telkom, a South African telecommunications company that was formerly the state-owned telephone monopoly.[1] Pursuant to the agreement, Telkom was to pay Telcordia more than $249 million for customized telecommunications software. Unfortunately, the performance of the contract was racked with disputes, mainly with respect to whether the software complied with certain contractual specifications.[2]

Pursuant to the parties' contract, the two companies entered into binding arbitration in South Africa according to the rules of the International Chamber of Commerce (ICC). The arbitrator was Anthony Boswood, QC, of Fountain Court

---

[1] Telkom was privatized in 2004 and currently operates as an ordinary commercial company under South African law with the government as a shareholder.

[2] For reasons that will become clear, the substance of the underlying contractual dispute is not particularly important for purposes of this appeal. As such, the underlying dispute will be referred to only in passing.

Temple, London, England. During the proceedings, Telkom sought intervention from the South African High Court to correct alleged errors in the arbitration.[3] Specifically, Telkom concluded that the arbitrator was viewing issues from the perspective of English law, instead of South African law, as required by the parties' agreement. Before the High Court could act, on September 27, 2002, the arbitrator held that Telkom was liable to Telcordia for breach of contract. On September 30, 2002, the ICC's International Court of Arbitration formally issued its final award in favor of Telcordia and directed the parties to give it effect.

Shortly thereafter, Telcordia petitioned the United States District Court for the District of Columbia to confirm the arbitral award pursuant to the New York Convention.[4]

---

[3] The South African High Court is a trial court.

[4] At the time Telcordia brought the petition, the Government of South Africa was the majority owner of Telkom. Consequently, venue is permitted in, but not limited to, the District of Columbia pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1391(f), which states that:

> A civil action against a foreign state as defined in section 1603(a) of this title [28 USCS § 1603(a)] may be brought--
> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title [28 USCS § 1605(b)];
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title [28 USCS § 1603(b)]; or
> (4) in the United States District Court for the District of

4

Contemporaneously, Telkom had filed a separate action in the South African High Court to have the award set aside or annulled pursuant to Section 33 of the South African Arbitration Act. Article III of the New York Convention provides that each state party "shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon." The setting aside or annulment of the arbitral award by the South African Court would be grounds for other courts to refuse recognition and enforcement of the arbitral award pursuant to Article V of the New York Convention. Specifically, Article V(1)(e) provides that:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (e) The award has not yet become binding on the parties, or has been set aside or
>
> suspended by a competent authority of the country in which, or under the law of which, that award was made.

In July 2003, the D.C. District Court dismissed the case without prejudice on the grounds that it lacked personal jurisdiction over Telkom and, alternatively, that the case could not proceed under the doctrine of *forum non conveniens*. Telcordia appealed to the U.S. Court of Appeals for the D.C. Circuit. That court affirmed on the alternative ground that under Article VI of the New York Convention the District Court should have adjourned its proceeding and awaited the outcome

---

Columbia if the action is brought against a foreign state or political subdivision thereof.

(brackets in original)

5

of the pending action in South Africa.[5]  Article VI provides a mechanism by which courts asked to enforce an arbitral award can adjourn to await the type of proceeding in the situs jurisdiction referenced in Article (V)(1)(e).  Accordingly, the D.C. Circuit dismissed the petition without prejudice.

On November 27, 2003, and while the case was on appeal in the D.C. Circuit, the South African High Court issued a decision setting aside the award and ordering a new arbitration.  On November 29, 2004, the Supreme Court of Appeal of South Africa agreed to hear Telcordia's appeal from the trial court's annulment of the award.  This appeal is currently pending.

Undeterred, Telcordia brought a petition to enforce the arbitral award in the District of New Jersey.  The District Court dismissed the petition with prejudice based on estoppel vis-à-vis the D.C. Circuit decision and, alternatively and cryptically, dismissed without prejudice pursuant to the New York Convention.  In a second order, the District Court dismissed for lack of personal jurisdiction over Telkom.  Telcordia timely appealed both orders to this Court.

## II.    Subject Matter Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Telcordia sought confirmation of an arbitral award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 9 U.S.C. §§ 203, *et seq*.  This Court has appellate jurisdiction over the two final orders under 28 U.S.C. § 1291.

We review a district court's decision that it possesses or lacks personal jurisdiction *de novo*.  *Pinker v. Roche Holdings*

---

[5] Both the United States and South Africa are signatories to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is also know as the New York Convention.

*Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). In reviewing a motion to dismiss for lack of personal jurisdiction, this Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Id.* (quoting *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Factual findings made by a district court in determining personal jurisdiction, however, are reviewed for clear error. *Penzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). Review of a district court's dismissal on grounds of issue preclusion is plenary. *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 572 n.6 (3d Cir. 2002) (marshaling authority).

The standard of review of a district court's decision to defer to foreign annulment proceedings under Article VI of the New York Convention is one of first impression for this Circuit. We agree with the Second Circuit that "in light of the permissive language of Article VI of the Convention and a district court's general discretion in managing its own caseload and suspense docket, . . . the proper standard for reviewing a district court's decision whether to adjourn is for abuse of discretion." *Europcar Italia S.P.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 316-17 (2d Cir. 1998) (internal citations omitted).

## III.    Discussion

### A.    Personal Jurisdiction

The District Court of New Jersey may assert personal jurisdiction over Telkom to the extent provided under New Jersey law. *See Carteret*, 954 F.2d at 144 (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987)). New Jersey's long-arm statute provides for jurisdiction up to the limits of the protection afforded to nonresidents by the Due Process Clause of the Fourteenth Amendment. *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 508 A.2d 1127, 1131 (N.J. 1986). Pursuant to the Due Process Clause of the Fourteenth Amendment, *in personam* jurisdiction may be asserted over a nonresident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional

7

notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation omitted).

The concept of minimum contacts varies according to the nature of the interactions and type of jurisdiction asserted. Specific jurisdiction[6] is established when a nonresident defendant has "purposefully directed" his activities at a resident of the forum and the injury arises from, or is related to, those activities. *General Elec. Comp. v. Deutz A.G.*, 270 F.3d 144, 150 (3d Cir. 2001). In determining jurisdiction for a breach of contract, the district court must consider the totality of the circumstances. *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001).

Traveling to the forum to consult with the other party can constitute purposeful availment, regardless of who solicited the contact. *Carteret*, 954 F.2d at 150. Moreover, physical presence in the forum is no longer determinative in light of modern commercial business arrangements; rather, mail and wire communications can constitute purposeful contacts when sent into the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Also, where a long-term relationship has been established, actual territorial presence becomes less determinative. *General Elec.*, 270 F.3d at 151. Finally, "[i]n contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract *or its breach*." *Id*. at 150 (emphasis added).

Telcordia alleges that Telkom has the following contacts with New Jersey:

> (1) Telkom entered into a long-term, quarter-billion dollar contract with a New Jersey company;

---

[6] Since we find that the District Court can exercise specific jurisdiction over Telkom relating to the contract at issue, we need not reach the issue of general jurisdiction.

8

(2) significant activities related to the contract were performed in New Jersey;

(3) Telkom visited New Jersey on numerous occasions in connection with the contract;

(4) Telkom communicated with Telcordia's New Jersey office extensively;

(5) Telkom paid Telcordia via a New Jersey bank

(6) Telkom breached the contract by failing to make payments to said New Jersey bank.

The District Court rejected these proffered contacts on the grounds that they constituted "isolated visits to New Jersey [that] were merely incidental to the performance of the contract and, in any event, were not occasioned by Telkom's purposeful availment of the privileges of conducting activities in the United States." Also, the District Court relied heavily on the findings of the D.C. District Court, although it did recognize that the findings were not preclusive in light of the D.C. Circuit Court of Appeals's limited holding.

In this regard, the District Court was in error.[7] The D.C. District Court's analysis, which applied D.C. Circuit law, is not determinative in light of Third Circuit case law interpreting the Due Process Clause. Moreover, Telcordia offered additional facts in its current petition linking Telkom to New Jersey that were not analyzed by the D.C. District Court. Finally, the D.C. District Court's analysis did not examine the specific contacts between Telkom and New Jersey viewed through the lens of Third Circuit law; rather, the Court focused broadly on the contacts between Telkom and the United States viewed through the lens of D.C. Circuit law. As such, the persuasive influence

---

[7] The District Court's determinations did not contain factual findings; rather, the determination focused on the legal import of undisputed events and facts. As such, they are reviewed *de novo*. *Pinker*, 292 F.3d at 368.

9

of the D. C. District Court's analysis is limited.

In regard to Telkom's contacts with New Jersey, it is undisputed that Telkom and Telcordia entered into a relationship to exchange customized merchandise. Put another way, their contract did not constitute the isolated interaction of a supplier putting an item into the stream of commerce to be fished out by a consumer. As such, Telkom's lack of a physical presence in New Jersey becomes less determinative. *General Elec.*, 270 F.3d at 151.

It is also undisputed that Telkom representatives traveled into New Jersey pursuant to the business relationship. For example, representatives visited New Jersey to participate in testing-related matters once problems arose in the contract. Such consultations, when they constitute a significant part of the business relationship, represent purposeful availment. *See Carteret*, 954 F.2d at 150. Given the specific nature of the requested goods, the close relationship and resulting consultations were a significant part of the business arrangement. Moreover, the breach of contract, *i.e.*, the failure to pay for contractually compliant software, occurred when the payment was not placed in a New Jersey bank pursuant to the parties' course of dealings. Also, the fact that the contract called for the establishment of an office in South Africa is not determinative. *Strick Corp. v. A.J.F. Warehouse Distribs., Inc.*, 532 F. Supp. 951, 960 (E.D. Pa. 1982) (noting that "[i]t is not necessary that a suit be brought where the defendant has the most contacts or even in the most logical forum.").

Finally, the fact that the proceeding was for the enforcement of an arbitral award, rather than adjudication on the merits, rightly colors our analysis. Although the New York Convention does not diminish the Due Process constraints in asserting jurisdiction over a nonresident alien, the desire to have portability of arbitral awards prevalent in the Convention influences the answer as to whether Telkom "reasonably anticipate(d) being haled into" a New Jersey court. *World-wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Moreover, the fact that the arbitration at issue was between a New Jersey corporation and the former government-owned state

10

telecommunications monopoly illustrates New Jersey's interest in adjudicating this dispute. *Id.* at 292 (noting that "[i]mplicit in this emphasis on reasonableness [of assuming jurisdiction] is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute"). Thus, the totality of the circumstances points toward sufficient contacts by Telkom with New Jersey. As such, the District Court has jurisdiction to enforce the arbitral award.

## B. Issue Preclusion

In its order dated January 24, 2005, the District Court dismissed with prejudice Telcordia's petition based on the D.C. Circuit's decision. Specifically, the District Court held that:

> Telcordia's Petition is dismissed with prejudice because principles of issue preclusion or estoppel do not permit it to relitigate the judgment of the U.S. Court of Appeals for the District of Columbia Circuit in *Telcordia Technologies, Inc. v. Telkom SA, Limited* (No. 03-7099, issued on April 9, 2004), which upheld the dismissal of Telcordia's petition to confirm the same arbitration award pursuant to Article VI of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (*see* 9 U.S.C. §§ 201, *et seq.*) (the "Convention"). In so ruling, this Court does not reach the merits of the parties' underlying dispute.

The D.C. Circuit's decision, however, was that the proceeding should be adjourned pursuant to Article VI of the New York Convention. More concretely, the D.C. Circuit affirmed the District Court's dismissal of the petition without prejudice.

For Telkom to be able to piggyback a dismissal without prejudice into a dismissal with prejudice is anathema to the "wait-and-see" raison d'être of Article VI. Although we agree with Telkom that the decision is still pending in South Africa, given the fact that the case is currently working its way through

11

South Africa's appeals process, the fact that Telcordia prematurely brought a case for enforcement in New Jersey should not predetermine its ability to ever bring a case in New Jersey, as would be the case if the dismissal was on the merits.[8]

Put another way, this case would be very different if, for example, the D.C. Circuit had ruled pursuant to Article V and refused to enforce the award. Such a decision would likely constitute a decision on the merits entitled to preclusive import. That is not the case here. The D.C. Circuit opinion relied on Article VI rather than Article V.

Telkom's allegations of forum-shopping by Telcordia do not change the analysis. First, the D.C. Circuit did not mention a desire to maintain any type of control over the proceeding, as would be the case if it decided to "adjourn" by issuing a stay - a possibility under Article VI that was recognized by the D.C. Circuit yet not exercised. *Telcordia Technologies, Inc. v. Telkom SA, Limited* (No. 03-7099, issued on April 9, 2004) (noting that "we construe 'adjourn' to mean stay or dismiss without prejudice, we affirm the district court on the ground that the court's dismissal was proper under Article VI"). As such, the filing of the petition in New Jersey does not take the case out of the control of another court and, therefore, does not constitute a type of forum-shopping that would justify remediation by this

---

[8] This Court's decision in *Pastewka v. Texaco Inc.*, 565 F.2d 851 (3d Cir. 1977), which Telkom argues is controlling, is inapposite to the instant case. In *Pastewka*, the District Court for the Southern District of New York had dismissed plaintiffs' suits on *forum non conveniens* grounds in favor of adjudication in England. When the plaintiffs tried to bring the same suits in Delaware and were unable to point to any "objective fact establishing that, unlike New York, Delaware would be a more convenient forum than England" this Court dismissed the complaints. Unlike here, the plaintiffs in *Pastewka* were precluded from bringing their suit in New York. Here, it is undisputed that Telcordia could rebring the petition in the D.C. District Court once a set of events have passed.

Court.

Second, to prohibit Telcordia from bringing a claim based solely on allegations of forum-shopping ignores the maxim that courts generally defer to a plaintiff's choice of forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995). As such, the District Court's dismissal with prejudice is reversed.

## C.    Article VI of the New York Convention

As previously mentioned, the District Court dismissed the petition without prejudice, as an alternative holding, because the Court chose to exercise "its discretion not to enforce the award at this time." In reaching this decision, the District Court found that;

> The High Court issued a decision setting aside the partial award, and Telcordia has persuaded the Supreme Court of appeals of South Africa to review that decision. Literally under article 6 the decision has been set aside, the decision of the arbitrator has been set aside by the High Court of South Africa which is, I find, a competent authority of the country in which or under the law of which that award was made. I don't think there is any dispute about that.

> Until the Supreme Court of Appeal rules, the decision of the arbitrator remains set aside, and therefore, both under article 6 which I have just referred to, and article 5(1)(e) the Court would have the authority to refuse to recognize or enforce an arbitral award. Or article 5 and article 6 work together in this respect, it seems to me to commonly, under article 6, give the Court discretion to refuse to enforce at this time, but under article 5 suggest that at this time the grounds for refusing to recognize or enforce an arbitral award exist which in turn suggests that at the very least, discretion should be exercised not to enforce it at this time.

> We feel that the District Court need not have reached the

13

contours of Article V or the interplay between Articles V and VI. Specifically, the District Court need not have reached its ability to refuse or delay the enforcement of an annulled arbitral award under Article V. As such, we interpret the District Court's order as one for adjournment pursuant to Article VI of the New York Convention. Article VI states that;

> If an application for the setting aside or suspension of the award has been made to a competent authority referred to in article V (1) (e), the authority before which the award is sought to be relied upon may, if it considers it proper, adjourn the decision on the enforcement of the award and may also, on the application of the party claiming enforcement of the award, order the other party to give suitable security.

As was the case when Telcordia sought enforcement in the D.C. Circuit, the annulment proceeding is still pending in South Africa – the South African Supreme Court has agreed to hear the case. Although the arbitral award may have been "literally" set aside by the High Court, the fact that an appeal is currently outstanding before the South African Supreme Court means that functionally an application for setting aside the award is still pending. As such, the District Court's invocation of Article V(1)(e) is premature.

We note further that the District Court's ultimate decision, dismissal without prejudice, is consistent with this Court's notions of comity in the international arena, *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prod. N.V.*, 310 F.3d 118, 126 (3d Cir. 2002), and is the best way for this Court to give full faith and credit to the decision of the D.C. Circuit Court of Appeals. Consequently, we see no reason to determine the complex interplay between Articles VI and V nor, for that matter, do we choose to disturb the discretionary determination by the District Court.[9]

---

[9] Telcordia argues that the New York Convention allows a court to confirm an arbitral award even if the award has been set aside in the situs country. *See*, *e.g.*, *Chromalloy Aeroservices v.*

14

**IV.    Conclusion**

For the reasons discussed above, the District Court has personal jurisdiction over Telkom.  Accordingly, the District Court's order of February 15, 2005, is reversed.  As to the judgment entered January 24, 2005, the District Court's decision to dismiss Telcordia's petition without prejudice is affirmed, the decision to dismiss the petition with prejudice, however, is reversed.  In the interest of clarity, we note that Telcordia can re-file when the Supreme Court of Appeal of South Africa has issued a judgment in the case.  We do not, however, reach the issue of whether we can entertain a new petition pursuant to the New York Convention only if the arbitral award is reinstated by the South African Supreme Court.

_____

*Arab Republic of Egypt*, 939 F. Supp. 907 (D.D.C. 1996) (enforcing an arbitral award that had been nullified by a court in the situs country); Article V ("Recognition and enforcement of the award *may* be refused . . . ) (emphasis added).  Again, we see no reason to reach this question in light of the pending action in South Africa.