**CLD-203**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3732

_____

ROBERT L. GARY,
Appellant

v.

FEDERAL TRADE COMMISSION AND IT'S EMPLOYEES; FORMER U.S.
ATTORNEY CHRISTOPHER J. CHRISTIE; ASSISTANT ATTORNEY GENERAL
UNITED STATES OF AMERICA; FORMER N.J. ATTORNEY GENERAL ANNE
MILGRAM; STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
DIV. OF CONSUMER AFFAIRS OFFICE OF CONSUMER PROTECTION; FORMER
N.J. CONSUMER AFFAIRS DIRECTOR DAVID SZUCHMAN; NJ DIVISION OF
CONSUMER AFFAIRS OFFICE OF CONSUMER PROTECTION'S
INVESTIGATOR ROGER HINES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:10-cv-03686)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted for Possible  Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before: RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  May 2, 2013)

_____

OPINION

_____

PER CURIAM

Pro se Appellant Robert L. Gary appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6). There being no substantial question presented on appeal, we will grant the Appellees' motions for summary action and affirm the decision of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

Because we primarily write for the parties, we will only recite the facts necessary for our discussion. Sometime before November 2007, Gary paid United Credit Adjusters, Inc. ("United Credit"), $1,049 to fix his credit, but United Credit failed to do so. In November 2007, Gary filed a complaint about United Credit with the New Jersey Attorney General. In October, 2008, after receiving multiple complaints about United Credit from other consumers, the New Jersey Attorney General filed suit against United Credit for violating the New Jersey Consumer Fraud Act. In March 2009, Roger Hines, an investigator for the New Jersey Department of Consumer Affairs ("NJDCA"), responded to Gary's complaint, informing him of the Attorney General's case against United Credit, and directing him to fill out a questionnaire to provide more information about his experience with United Credit. Gary completed and returned the questionnaire.

In July 2009, the New Jersey Superior Court entered a final consent judgment requiring United Credit to pay restitution to a small group of injured consumers, not including Gary. Hines advised Gary that United Credit could not make restitution to all

2

of its injured consumers and told him to contact the Federal Trade Commission ("FTC") to pursue a restitution claim, which Gary did. In February 2009, the FTC filed a complaint in the United States District Court for the District of New Jersey, seeking injunctive relief to stop United Credit's fraudulent activity and equitable relief to force the return of its fraudulently procured profits. United Credit defrauded at least 12,000 consumers, but the FTC anticipated a recovery of only $25,000 and, therefore, determined that it was impractical to provide restitution.

In October 2010, Gary filed his first Complaint against the New Jersey Division of Consumer Affairs, former Attorney General Anne Milgram, former Division Director David Szuchman, and Roger Hines (collectively, "State Defendants" or "State Appellees"), alleging that they failed to uphold their fiduciary duty to protect him and provide restitution for the monetary loss he suffered at the hands of United Credit. In October 2011, Gary filed an Amended Complaint, adding claims against the FTC and its employees, former U.S. Attorney for the District of New Jersey Christopher J. Christie, and Assistant U.S. Attorney J. Andrew Ruyamm (collectively, "Federal Defendants" or "Federal Appelles"), alleging that they failed to provide him with personal restitution following the resolution of their case against United Credit. Gary sought $100 million in damages and alleged violations of the First, Fifth, Seventh, Thirteenth, and Fourteenth Amendments, as well as violations of his civil rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986, and 2000d, and claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 (b). The Defendants moved to dismiss pursuant to Fed. R. Civ. P.

3

12(b)(1), 12(b)(2), and 12(b)(6).  The motions were granted by the District Court by orders entered March 26, 2012, March 27, 2012, and August 27, 2012, dismissing Gary's amended and second amended complaints in their entirety.  Gary timely appealed and the Defendants filed motions for summary action.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over Rule 12(b)(1) and (6) dismissals.  See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Rule 12(b)(1)); See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (Rule 12(b)(6)).[1]   We review  the District Court's ruling that it possesses personal jurisdiction pursuant to Rule 12(b)(2) de novo, but review the facts that it accepts in support of its determination of personal jurisdiction for clear error.  Telecordia Tech  Inc. v. Telkom SA Ltd., 458 F.3d 172, 176 (3d Cir. 2006).[2]

## II.

We agree with the District Court's dismissal of the amended  and second amended

---

[1] To survive dismissal pursuant to Federal Rule of Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009).
[2] The burden of demonstrating facts that establish personal jurisdiction falls on the plaintiffs. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009).  Because this is an appeal from an order on a Rule 12(b)(2) motion to dismiss, we accept

complaints.  First, we agree that Gary's claims against the FTC, and Christie and Ruymann in their official capacities, are barred by the doctrine of sovereign immunity, as the United States has not consented to suit in these circumstances.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") (citations omitted).   We also agree that the District Court lacked subject matter jurisdiction over Gary's FTCA claims because he failed to exhaust administrative remedies.   See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 457 (3d Cir. 2010) (quoting 28 U.S.C. § 2675(a)).  This requirement "is jurisdictional and cannot be waived."   Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citation omitted).  With respect to Gary's claim pursuant to 42 U.S.C. § 2000(d) (Title VI of the Civil Rights Act of 1964), we conclude that the District Court properly dismissed the claim  because Title VI does not apply to federal agencies such as the FTC. See Soveral-Perez v. Heckler, 717 F.3d 36, 38 (2d Cir. 1983) (Title VI " was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.").

Turning to the issue of personal jurisdiction, to the extent that Gary asserts claims against Christie and Ruymann individually, we agree with the District Court that these claims fail for lack of personal jurisdiction.   "A federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized

all of Gary's allegations as true and construe disputed facts in his favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

by the law of the state." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 144-45 (3d Cir. 1992). Pennsylvania's long-arm statute permits courts to exercise jurisdiction over nonresidents "to the fullest extent allowed under the Constitution of the United States," and also indicates that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Accordingly, the exercise of personal jurisdiction over a nonresident is limited by the strictures of due process, which "require[] only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks omitted). Here, Gary has not alleged any contacts between the Commonwealth of Pennsylvania and Christie or Ruymann, and thus any claims against them in their individual capacities fail. Similarly, the District Court properly held that Gary failed to demonstrate that the New Jersey Division of Consumer Affairs, former Attorney General Anne Milgram, and former Division Director David Szuchman, had minimum contacts with the Commonwealth of Pennsylvania sufficient to invoke personal jurisdiction.

Gary claims that the Court may exercise specific jurisdiction over Hines. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984) (Personal jurisdiction may be exercised generally or specifically). An inquiry into the existence of specific jurisdiction proceeds in three parts. O'Connor v. Sandy Lane Hotel

6

Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). First, we ask whether the defendant's activities were "purposefully directed" at the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). We then consider whether the litigation arises out of or relates to at least one of those activities. Helicopteros, 466 U.S. at 414. Finally, if we answer the first two parts in the affirmative, we consider the "traditional notions of fair play and substantial justice" underscored in International Shoe, 326 U.S. at 316. Here, Hines' contacts with Pennsylvania consist of a handful of communications, by mail and over the phone, between Hines in New Jersey and Gary in Pennsylvania, in response to Gary's initial complaint about United Credit. We conclude, as the District Court did, that these contacts do not establish specific jurisdiction in Pennsylvania over Hines.

IV.

For the foregoing reasons, we grant the Appellees' motions for summary action and will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny as moot the motion to strike Gary's response in opposition to the State Appellees' motion for summary action.[3]

---

[3] We conclude that the District Court did not err in declining to allow Gary another opportunity to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (noting that a court should not dismiss pro se complaints without granting leave to amend unless "amendment would be inequitable or futile").