### Elie HARFOUCHE, Plaintiff,

v.

### Haifa WEHBE, Yousef Harb, Stars on Tour, Inc., Maroun Abiaad, La Vedette, Inc., and Joseph Rahi, Defendants.

### Civil Action No. 10–5290 (JEI/KMW).

United States District Court,
D. New Jersey.

June 19, 2013.

as review which, in turn, further supports the court's conclusion that the amendment would be futile.

Vano I. Haroutunian, Daniele Dermesro-
pian (pro hac vice), Balon, Stoll, Bader &
Nadler, P.C., New York, NY, for Plaintiff.

Karl Friedrichs, Locks Law Firm, Cher-
ry Hill, NJ, Marc A. Karlin, Karlin &
Karlin, APLC, Pro hac vice, Los Angeles,
CA, for Defendant Haifa Wehbe.

## OPINION

IRENAS, Senior District Judge:

Plaintiff Elie Harfouche, a concert pro-
moter, has brought an action for breach of

contract, among other claims, against a number of defendants, including Defendant Haifa Wehbe, who is a singer and performer based in Lebanon. Defendant Wehbe has brought this Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), arguing that this Court lacks personal jurisdiction over her because she has no contacts with New Jersey.[1] (Dkt. No. 56) For the reasons given below, the Court Defendant Wehbe's Motion to Dismiss will be granted.

## I.

Plaintiff Elie Harfouche is a concert promoter who organizes and promotes tours throughout the United States for Arabic singers and entertainers. (Compl. ¶ 4) At the time the events at issue here occurred, Plaintiff was a New Jersey resident.[2] (Decl. of Pl. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Decl.") ¶¶ 10–11) Defendant Haifa Wehbe is an Arabic singer and performer who is well known in both international and U.S. Arabic communities. (Compl. ¶ 5) She is a Lebanese citizen and resides in Lebanon. (*Id.*)

On April 17, 2006, Plaintiff and Defendant Wehbe entered into a contract ("the Contract") in Lebanon.[3] (*Id.* ¶ 11; Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br.") 1) The parties agreed that Defendant Wehbe would perform "one artistic tour in four American states." (Decl. of Marc A. Karlin, Esq. in Reply to Pl.'s Mem. ("Karlin Decl."), Ex. A 017) Plaintiff in turn would organize and promote Defendant Wehbe's tour as well as procure plane tickets and entry and work visas for Wehbe and her band members. (*Id.* at 018)

The Contract includes a purported forum selection clause, which reads, "Any conflict that may result about interpreting or executing all or some of the items of this contract pertains to specialized courts in Lebanon and the United States of America." (Pl.'s Decl. ¶ 5; Karlin Decl., Ex. A 019) The Contract does not list an address for either party.

In April 2007, Plaintiff and Defendant Wehbe met in Lebanon to amend the Contract "for the sole purpose of rescheduling Wehbe's contracted-for performance tour to take place at the end of 2007." (Pl.'s Decl. ¶ 6; Def.'s Br. 1; Karlin Decl., Ex. A. 021) The Amendment specified that the concerts would take place in San Francisco, Las Vegas, Detroit, New York, Miami, Houston, Edmonton, Toronto, and Montreal between October 10, 2007, and November 30, 2007.[4] (Karlin Decl., Ex. A 021) Both Plaintiff and Defendant Wehbe provided business addresses in Lebanon on the Amendment. (*Id.*)

After the parties amended the Contract, Plaintiff began taking steps to perform his obligations. These steps included initiating the entry visa process for Defendant Wehbe and her band, procuring venues, and entering into agreements with local promoters. (Compl. ¶ 12) In total, Plaintiff expended over $250,000 to meet his contractual commitments. (*Id.*) Defendant Wehbe, however, "did not appear and perform at any of the prearranged and agreed-upon concert dates." (*Id.* ¶ 13) Plaintiff alleges that Defendant Wehbe instead entered into a contract with Defendant Youssef Harb, an entertainment

---

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

2. Plaintiff has since moved to Williamsville, New York. (Pl.'s Decl. ¶ 13)

3. As the Contract is written in Arabic (Karlin Decl., Ex. A. 015–016), the Court relies on the

English translation provided by the parties, which was made on March 9, 2010. (*Id.* at 017–021)

4. The version of the Amendment provided to the Court is written in English and signed by both parties. (Karlin Decl., Ex. A 021)

agent and concert producer, and Defendant La Vedette, Inc., a corporation that Harb owns in part. (*Id.* ¶¶ 6, 9, 15) Under that contract, Wehbe allegedly agreed to perform concerts on dates that conflicted with the dates set in the Contract between Plaintiff and Defendant Wehbe. (*Id.* ¶ 15)

Plaintiff brought this action seeking damages as well as declaratory and injunctive relief on October 8, 2010. (Dkt. No. 1) He claims that Defendant Wehbe breached the Contract when she did not participate in the agreed-upon performances (Compl. ¶¶ 13, 17) and that Defendant Wehbe unjustly enriched herself. (*Id.* ¶ 20) Plaintiff also brought claims against Defendants Youssef Harb, Stars on Tour, Inc., Maroun Abiaad, La Vedette, Inc., and Joseph Rahi. These Defendants are individuals and corporations acting as concert promoters and entertainment agents. (*Id.* ¶¶ 6–10) Plaintiff's claims against these Defendants include tortious interference with his contract with Defendant Wehbe and tortious interference with prospective economic advantage. (*Id.* ¶¶ 23–30)

Defendant Wehbe filed the instant Motion to Dismiss on February 6, 2013.[5] (Dkt. No. 56) She argues that she does not have sufficient contacts with New Jersey to establish personal jurisdiction over her in this matter.

## II.

■ The plaintiff has the burden of showing that jurisdiction is proper when in personam jurisdiction is questioned. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.2004). For a plaintiff to withstand a motion to dismiss for 12(b)(2) lack of personal jurisdiction, he must present actual facts, not mere allegations, and cannot rely on the pleadings alone. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir.1990). When deciding a 12(b)(2) motion, a court views all allegations and facts in the light most favorable to the nonmoving party. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir.2009).

This Court may assert personal jurisdiction to the extent provided under New Jersey law. *See* Fed.R.Civ.P. 4(k)(1)(A);[6] *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir.2006). New Jersey's long-arm statute allows jurisdiction up to the limits of the Due Process Clause of the Fourteenth Amendment. N.J. Ct. R. 4:4–4; *see also Carteret Savings Bank, FA. v. Shushan*, 954 F.2d 141, 145 (3d Cir.1992).

**5.** The late date of Defendant Wehbe's Motion to Dismiss is partially explained by Plaintiff's difficulty in serving Wehbe. Plaintiff made multiple unsuccessful attempts to serve Wehbe personally in Lebanon. As Lebanon is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Plaintiff consulted the Consulate General of Lebanon in New York as to how to serve Wehbe in Lebanon and attempted service through the Consulate. (Pl.'s Mem. 1–2) On February 14, 2011, Plaintiff filed a motion for leave to serve Wehbe by publication and an extension of time for service. (Dkt. No. 5) Magistrate Judge Williams denied Plaintiff's motion for service by publication but granted the extension of time on May 20, 2011. (Dkt. No. 11) Plaintiff thereafter served Wehbe by mail through Fedex International Priority.

(Dkt. No. 20) However, he continued to attempt personal service in Lebanon. On November 10, 2011, Plaintiff filed a second motion for leave to serve Wehbe by publication and for a second extension of time for service. (Dkt. No. 24) On February 29, 2012, Magistrate Judge Williams again denied Plaintiff's motion for service by publication but granted another extension of time for service. On April 2, 2012, Defendant Wehbe executed a waiver of service. (Dkt. No. 29)

**6.** "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant ... who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located...." Fed.R.Civ.P. 4(k)(1)(A).

The Due Process Clause allows in personam jurisdiction over nonresidents so long as the defendant "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)) (internal quotation marks omitted). Minimum contacts can be established to satisfy one of two types of personal jurisdiction: specific jurisdiction or general jurisdiction. *See Remick v. Manfredy,* 238 F.3d 248, 255 (3d Cir.2001).

Specific jurisdiction applies "when a non-resident defendant has purposefully directed his activities at a resident of the forum and the injury arises from or is related to those activities." *General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)) (internal quotation marks omitted). Determining whether specific jurisdiction exists requires a three-part inquiry. *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir.2007) (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir.2007)). First, the defendant must have purposefully directed her activities toward the forum state, *Burger King,* 471 U.S. at 472, 105 S.Ct. 2174, and, second, the claim at bar must arise out of or be related to those activities. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868. Third, if these two requirements are met, then the court asks if jurisdiction would offend "notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316, 66 S.Ct. 154.

General jurisdiction exists when the defendant has continuous and systematic contacts with the forum state. *General Elec. Co.,* 270 F.3d at 150 (citing *Helicopte-*

*ros,* 466 U.S. at 414–16, 104 S.Ct. 1868). "[T]he threshold for satisfying the requirements for general jurisdiction ... is substantially higher than in specific jurisdiction cases." 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1067.5 (3d ed. 2010).

### III.

#### A.

Plaintiff has asserted that Defendant Wehbe "explicitly consented to the jurisdiction of this Court" when she signed the Contract, which contained a forum selection clause. (Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Pl.'s Mem.") 4) The English translation of the clause states, "Any conflict that may result ·about interpreting or executing all or some of the items of this contract pertains to specialized courts in Lebanon and the United States of America." (Karlin Decl., Ex. A 019)

The United States Supreme Court has held that a forum selection clause "should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A forum selection clause may act as consent to personal jurisdiction, thus obviating the need for a personal jurisdiction analysis. *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–04, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *see also Coyle v. Mathai,* No. 11–5185, 2011 WL 5828522, at *4 (D.N.J. Nov. 18, 2011) ("Personal jurisdiction is a right that can be waived by agreeing in advance to submit to the jurisdiction of a given court pursuant to a contract with a forum selection clause."); *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.,* 21 F.Supp.2d 465, 469 (D.N.J.1998) (opining that personal jurisdiction can be established solely through a forum selec-

tion clause in place of a due process analysis).

A forum selection clause may be unenforceable if there is a clear showing that it is "'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Burger King,* 471 U.S. at 472 n. 14, 105 S.Ct. 2174 (noting that forum selection clauses are not enforceable if they are unreasonable and unjust). A clause may be found unreasonable "for such reasons as fraud or overreaching" or "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. In New Jersey, forum selection agreements are deemed prima facie valid and enforceable. *Wilfred MacDonald Inc. v. Cushman Inc.,* 256 N.J.Super. 58, 606 A.2d 407, 409 (1992).

In this case, the forum selection clause does *not* act as a waiver of personal jurisdiction on Defendant Wehbe's part. First, it is not clear that this clause even is a forum selection clause. In a typical forum selection clause, the parties agree to jurisdiction in a specific court or state. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 587–88, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) (construing a forum selection clause that indicated that all litigation would take place in Florida); *New Jersey v. Merrill Lynch & Co., Inc.,* 640 F.3d 545, 546 (3d Cir.2011) (assessing the meaning of a forum selection clause that placed exclusive jurisdiction "in the appropriate courts of the State [of] New Jersey" (alteration in original)). In contrast, the instant clause states that any litigation arising out of the Contract will take place in "specialized courts in Lebanon and the United States of America." (Karlin Decl., Ex. A 019) Because the clause encompasses so many jurisdictions, it can hardly be a construed as selecting a forum at all.[7]

Second, the clause is ambiguous and thus cannot act as valid consent to jurisdiction in New Jersey. The clause provides that an action may be brought in "specialized courts in Lebanon and the United States of America." (*Id.*) The federal district courts of the United States are courts of general, not special, jurisdiction, and the majority of state courts are also courts of general jurisdiction. Without more information about the parties' negotiations around this clause, the Court cannot determine which courts the parties intended to encompass with the phrase "specialized courts."

The fact that the Court is forced to construe an after-the-fact translation of the clause compounds the ambiguity. While it is possible that the parties envisioned bringing suit in the few specialized courts in this country, the Court does not presume to know how "specialized courts" would read in the original Arabic text. As such, the Court cannot determine from a translation made almost three years after the original Contract was signed what the parties meant by "specialized courts." Accordingly, the Court will not construe the clause as a waiver of personal jurisdiction in this Court.

**B.**

The Court next turns to the personal jurisdiction analysis. Specific jurisdiction cannot be found with respect to

---

7. In finding that the clause here is overbroad, the Court does not hold that a forum selection clause that designates all the courts of a country, or even several countries, is presumptively invalid. For example, the Court can envision a scenario in which two sophisticated parties agree in explicit terms to litigate a contract in any court in any country in the European Union. But that is not the situation with which the Court is faced here.

Defendant Wehbe. Under the first portion of the specific jurisdiction test, Defendant Wehbe must have directed her activities at New Jersey in some way. Plaintiff argues that because he was a resident of New Jersey when the parties signed the Contract, Defendant Wehbe's activities were purposefully directed at a resident of the forum state and thus, at New Jersey itself; however, there is no indication that Defendant Wehbe even knew that Plaintiff was from New Jersey.[8] Plaintiff chose to provide an address in Lebanon rather than one in New Jersey on the Contract. (Karlin Decl., Ex. A 021) Furthermore, the Contract did not include any performances that would have taken place in New Jersey.

The second part of the specific jurisdiction test—whether the claim arises out of or relates to activities directed at the forum state—is also not met. As noted above, none of the concerts were scheduled to take place in New Jersey, and there are no other activities directed at New Jersey. As such, it would be factually impossible for claims to arise out of such activities. Thus, there is no specific jurisdiction over Defendant Wehbe.[9]

### C.

■ Defendant Wehbe's relations with New Jersey are not sufficiently "continuous and systematic" to support a finding of general jurisdiction. Plaintiff characterizes the situation in his Complaint in a manner that is simply not supported by the available facts.[10] Of the nine concerts scheduled for the tour of North America, not one was to take place in New Jersey. (Karlin Decl., Ex. A 021) Further, Defendant Wehbe represents that she has no offices, business locations, employees, or real property in New Jersey. (Def.'s Br. 3) She also indicates that she has never performed a concert here, has no bank or financial accounts in New Jersey, and does not possess any licenses issued by the State. (*Id.*) Given these facts, it is clear that general jurisdiction does not exist in this case.

### IV.

■ Plaintiff and Defendant Wehbe also raise arguments with regard to transferring this case to the Southern District of New York pursuant to 28 U.S.C. § 1406, which governs transfer when venue is improper. Given the posture of the parties' venue arguments and the number of diverse defendants in this case, transfer to the Southern District of New York is inappropriate at this time.

First, neither party has made a motion to transfer. The issue of transfer came before the Court upon Defendant Wehbe's preemptive argument that transfer to the Southern District of New York is improper. (Def.'s Br. 9–10) In his opposition memorandum, Plaintiff then argued that the Court could transfer the case in the interest of justice but gave no arguments as to why the Southern District of New

---

8. Plaintiff asserts in his declaration submitted to this Court on February 27, 2013, that his contract negotiations with Defendant Wehbe took place on the phone in New Jersey and that he signed the Contract while in New Jersey. (Pl.'s Decl. ¶ 11) In contrast, in his deposition submitted to this Court on March 11, 2013, Plaintiff testified that he signed the contract in Lebanon. (Karlin Decl., Ex. A 26:4–13)

9. There are no additional factors that would overcome the clear lack of specific jurisdiction over Defendant Wehbe.

10. Plaintiff asserts that Wehbe acted with purposeful conduct within New Jersey; however, Plaintiff offers no support for this allegation. (*See* Compl. ¶ 2) Plaintiff relies entirely on the forum selection clause for personal jurisdiction which, for the reasons discussed above, is an ineffective argument. (Pl.'s Mem. 4–7)

York would be an appropriate venue. (Pl.'s Mem. 9–10) Indeed, Plaintiff has not offered any alternative venue.

Second, only two parties in this case have made any argument regarding venue. There are five other Defendants who have not had the opportunity to make arguments either for or against transfer to the Southern District of New York. Further, the other Defendants are allegedly citizens of Lebanon, Pennsylvania, Nevada, Canada, and New York. This Court may only transfer this case to a district "in which it could have been brought," 28 U.S.C. § 1406(a), which requires that the Southern District of New York have personal jurisdiction over all the Defendants here. Without more information, it is impossible for the Court to determine whether that requirement is fulfilled. Accordingly, the case will remain in this District.

## V.

For the reasons discussed above, Defendant Wehbe's Motion to Dismiss under Rule 12(b)(2) will be granted. An appropriate Order accompanies this Opinion.

### ORDER GRANTING DEFENDANT WEHBE'S MOTION TO DISMISS (Dkt. No. 56)

This matter having appeared before the Court upon Defendant Haifa Wehbe's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(2) (Dkt. No. 56); the Court having considered the parties' submissions; the Court having held oral argument on June 19, 2013; for the reasons set forth in an Opinion issued on an even date herewith; and for good cause appearing;

**IT IS** on this 19th day of June, 2013

### ORDERED THAT:

Defendant Haifa Wehbe's Motion to Dismiss for Lack of Personal Jurisdiction

Pursuant to Fed.R.Civ.P. 12(b)(2) (Dkt. No. 56) is hereby **GRANTED.**