**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2001
_____

MARY VALESTINE MILLER TURNER, M.ED,
                                                        Appellant

v.

PRINCE GEORGE'S COUNTY PUBLIC SCHOOLS; MR. ROBERT GASKINS,
CHIEF OF HUMAN RESOURCES; MRS. DELFREIDA HUDSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-16-cv-04524)
District Judge: Honorable Gerald J. Pappert
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 15, 2017

Before:  AMBRO, GREENAWAY, Jr., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 8, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mary Valestine Miller Turner (Turner) appeals pro se from the District Court's order dismissing her complaint for lack of personal jurisdiction. As the appeal does not present a substantial question, we will grant the Appellees' motion for summary action.

I.

Turner, a Pennsylvania resident, initiated this action in 2016 against the Prince George's County Public Schools, and several of its officials, after her employment was terminated in 2013. She acknowledged in her complaint that all Defendants were residents of Maryland[1] and that all events giving rise to her action occurred in Maryland. She also served the Defendants in Maryland.

Early in the litigation, the Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), arguing that they lacked the requisite minimal contacts with Pennsylvania for the District Court to exercise personal jurisdiction over them.[2] The District Court granted the motion after Turner failed to respond for nearly five months. It dismissed her complaint without prejudice, concluding that she failed "to produce any competent evidence to support personal jurisdiction," and that "exercising personal jurisdiction would run afoul of Pennsylvania's long-arm statute." Turner timely filed a notice of appeal, and, in conjunction with her notice, submitted a brief arguing that she

---

[1] The Prince George's County Public Schools System is a large public school district located in Prince George's County, Maryland.

[2] Defendants submitted affidavits in connection with the motion to dismiss, stating that they are Maryland residents, were served outside of Pennsylvania, and did not consent to personal jurisdiction by Pennsylvania courts.

2

had, indeed, submitted sufficient evidence to establish personal jurisdiction. About a month later, Appellees filed this motion for summary action.

II.

We have jurisdiction under 28 U.S.C. § 1291,[3] and "review a district court's decision that it possesses or lacks personal jurisdiction de novo." Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 176 (3d Cir. 2006). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

Federal Rule of Civil Procedure 4(e) authorizes federal courts to exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits," Pennzoil Prods. Co. v. Colelli & Assocs., Inc., 149 F.3d 197, 200 (3d Cir. 1998), Pennsylvania in this instance. And Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over nonresident defendants "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. Cons. Stat. § 5322(b). The Due Process Clause of the

---

[3] We conclude that the District Court's dismissal without prejudice is a final order under § 1291 because Turner has elected to stand on her complaint. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (exercising jurisdiction over without-prejudice dismissal when plaintiff failed to respond to motion to dismiss to "address the pleading deficiencies," and, after the District Court dismissed her complaint, did not seek to amend, but filed a notice of appeal arguing that the "factual allegations contained in her complaint [were] sufficient").

Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with a forum state—contacts that would provide the defendant "fair warning" that he might be sued there—before a federal court in that forum can constitutionally exercise personal jurisdiction over that defendant. Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 299–300 (3d Cir. 2008) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

Where, as here, a defendant challenges a court's exercise of personal jurisdiction in a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence and must do so by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotations marks and citations omitted).

The District Court properly concluded that Turner failed to set forth sufficient facts to establish personal jurisdiction—either general or specific. As to general jurisdiction—which "exists when a defendant has maintained systematic and continuous contacts with the forum state," Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007)— Turner failed to plead facts establishing that Defendants had *any* contacts with Pennsylvania, let alone systematic and continuous ones. Turner's complaint is similarly deficient as to specific jurisdiction, which requires, among other things, that a defendant "purposefully direct[] [her] activities at the forum." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007) (internal quotation marks and citation omitted).

4

The alleged misconduct—Turner's improper termination—occurred in Maryland, and Turner has pleaded no other facts indicating that Defendants directed any activities at Pennsylvania.

Accordingly, we grant Appellees' motion for summary action and will summarily affirm the judgment of the District Court.