NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT
_____

No. 12-3619
_____

AMBER ARPAIO

v.

ASHLEY ALEXANDRA DUPRE; JOSEPH FRANCIS;
MRA HOLDING, LLC; MANTRA FILMS, INC.;
JOHN DOES 1-10; ABC CORPORATIONS 1-10

Joseph Francis, MRA Holding, LLC
Mantra Films, Inc., John Does 1-10,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-08-cv-03548)
District Judge: Honorable Joel A. Pisano

_____

Argued on March 6, 2013

Before: RENDELL, AMBRO and VANASKIE, <u>Circuit Judges</u>,

(Filed: May 20, 2013 )

Abraham Neuhaus, Esquire  **(Argued)**
Neuhaus & Yacoob
1222 Avenue M
Suite 207
Brooklyn, NY   11230

Counsel for Appellants Joseph Francis, MRA Holding, LLC, Mantra Films, Inc.

Cathy L. Waldor, Esquire
Waldor & Carlesimo
2517 Highway 35
Building L, Suite 101
Manasquan, NJ   08376

   Counsel for Appellee Ashley Alexandra Dupre


Joseph J. Fell, Esquire  **(Argued)**
Jospeh J. Fell & Associates
25 Seney Drive
Bernardsville, NJ   07924

Robert E. Dunn, Esquire
Hanoln & Dunn
50 South Street
Morristown, NJ   07960

   Counsel for Appellee Amber Arpaio

————

## OPINION

————

**RENDELL,** <u>Circuit Judge</u>:

  On August 14, 2012, the District Court denied Defendants' motion to vacate the default judgment entered against them.  Defendants' timely appeal of the District Court's order is currently before this Court.[1]  For the reasons discussed below, we will vacate the District Court's order and remand for further proceedings.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## I.  Background

We write for the benefit of the parties and therefore recount only those facts necessary for our disposition of this appeal.

On July 11, 2008, Plaintiff Amber Arpaio, a New Jersey resident, filed her Complaint in the United States District Court for the District of New Jersey seeking compensatory and punitive damages under New Jersey law for invasion of privacy, misappropriation of her name, unauthorized use of her name for advertisement, defamation, and conspiracy.  Arpaio named as defendants Mantra Films, Inc., an Oklahoma corporation with its principal place of business in California, MRA Holding, LLC, an Oklahoma limited liability company with its principal place of business in California, and Joseph Francis, a California resident (collectively, "Defendants").  Arpaio also named Ashley Alexandra Dupre, a New York resident and the escort at the center of the controversy surrounding former New York governor Eliot Spitzer, as a defendant. According to Arpaio, Defendants produce videos and DVDs under the title "Girls Gone Wild," and feature footage of women – Dupre included – exposing themselves and engaging in sexual acts.  (Am. Compl. ¶ 23; App. at 78.)

The basis of Arpaio's claims was that Dupre falsely represented herself as Arpaio in a sexually provocative video, and that Defendants "prepared and presented [this video footage] to the general public, upon the internet and selected internet website [sic] ." (Am. Compl. ¶ 14; App. at 75.)  Arpaio alleged that "Defendants' DVD Product is marketed, advertised, sold and made readily available for purchase and/or otherwise, to the consumer public," and that "Defendants' marketing and advertisement ha[ve] and

3

continue[] to be associated with and/or displayed, domestically and internationally, through various media sources including but not limited to numerous internet websites." (Am. Compl. ¶¶ 24, 30; App. at 78, 79.)

On December 16, 2009, attorney Dennis Russell executed waivers of service on behalf of Francis, MRA, and Mantra. (App. 215-17.) The executed waivers preserved all defenses and objections to the lawsuit, the court's jurisdiction, and the venue of the action. (*Id.*) Russell failed to submit and serve an answer to Arpaio's Complaint. (*Id.*) Accordingly, the Clerk of the Court entered a default judgment on behalf of Arpaio on April 5, 2010, and, after a proof and damages hearing, the District Court awarded Arpaio $3,000,000 in damages.[2] (App. 13-25.)

On March 2, 2012, Defendants filed a motion to vacate the default judgment entered against them pursuant to Rule 60(b)(1) for excusable neglect based on Russell's alleged malpractice, as well as pursuant to Rule 60(b)(4) for lack of personal jurisdiction. (App. at 49-65.) Specifically, Defendants argued that Francis is a California domiciliary, and that MRA and Mantra were not "registered foreign corporations authorized to conduct business within the state of New Jersey." (App. at 53.) Defendants further argued that they "never authorized the release of [the Dupre] video to the public" and that "[s]aid video footage has never been used in the marketing, or included as part of, the 'Girls Gone Wild' video franchise footage." (App. at 54.) Finally, Francis claimed that Russell was never authorized to represent Francis and was never authorized to waive

---

[2] The District Court concluded that service against Defendant Dupre was defective, and therefore did not enter default judgment against her. (App. at 25.)

4

service on Francis's behalf, and because Francis never received any pleadings, filings, or correspondence – from Russell or Plaintiff – he was not properly served with a summons or complaint.  (App. at 87.)

Arpaio filed a response to Defendants' motion, arguing that the District Court could assert personal jurisdiction over the Defendants, and, alternatively, requesting that the District Court permit Plaintiff to engage in jurisdictional discovery and to supplement her jurisdictional allegations against the Defendants.  (App. at 91.)  Arpaio insisted that the Defendants "committed the misdeeds at issue in this lawsuit via their commercial and interactive Website, www.girlsgonewild.com."  (App. at 100.)  Arpaio also provided exhibits that she claimed showed that "Defendants deliberately and intentionally directed both Internet and non-Internet commercial activities at residents of the State of New Jersey," which constituted "'purposeful availment' by Defendants of the New Jersey marketplace" and established personal jurisdiction over the Defendants.  (App. at 100.)  These exhibits included news articles in which Francis is quoted as stating his intention to release footage of Dupre from the "Girls Gone Wild vault" that had been filmed in 2003, photographs of Girls Gone Wild DVDs being sold in stores in New Jersey, printouts of third-party websites selling Girls Gone Wild DVDs, Internet news articles discussing Girls Gone Wild filming in New Jersey, communication between Arpaio's attorney and Dennis Russell, and declarations of both Arpaio and her attorney.  (App. 117-185.)

The District Court denied Defendants' motion.  (App. at 4.)  With regard to Defendants' "excusable neglect" argument, the District Court found that the Defendants had advanced only "threadbare assertions" that were insufficient to establish a

5

meritorious defense.[3]  (App. at 5.)  Concerning the Defendants' jurisdictional arguments, the District Court found that "Defendants have failed to satisfy the Court that their personal jurisdiction argument amounts to a meritorious defense" because Defendants had only stated, "without citation or corroborating evidence, that they have no presence in New Jersey, that the video at the center of Plaintiff's complaint was filmed and edited in Florida and California, and that Plaintiff's claims do not arise from any contacts Defendants had with New Jersey."  (App. at 7.)  Additionally, the District Court noted that Arpaio had alleged that Defendants advertised "throughout the state of New Jersey," that Defendants "sold the video that forms the basis of her complaint in New Jersey[,] . . . and that she and others saw or heard about the video and similar products through various mediums directed toward New Jersey residents."  (App. at 7-8.)  Accordingly, it concluded that Arpaio set forth allegations and evidence in her Complaint and opposition brief that would support a finding of *specific* jurisdiction.  (App. at 7.)

On appeal, Defendants continued to insist that the video at the basis of the Complaint was produced, taped, and edited in the States of Florida and California by independent contractors, and that "[n]one of the Defendant/Appellants' [sic] had anything to do with the video.  The Defendant/Appellants' [sic] do not know how the video was obtained by the news outlets."  (Appellant's Br. at 3; App. at 86, 40.)  Rather, Defendants alleged that the video at issue is merely a YouTube.com video containing twenty-seven

---

[3] Defendants do not appeal the District Court's Order with respect to their motion made pursuant to Rule 60(b)(1).

seconds of Ashley Dupre falsely representing herself as Plaintiff. (Appellant's Br. at 3; App. at 114-16, 86.)

After oral argument, the Court was advised that two of the three Defendants – MRA and Mantra – had filed for relief under the Bankruptcy Code. Therefore, in light of the automatic stay provision of 11 U.S.C. § 362, our opinion will review the District Court's ruling with respect to Defendant Francis only.

## II. Standard of Review

We exercise plenary review over the grant or denial of relief from a final judgment on the grounds that the judgment is void under Rule 60(b)(4). *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 n.5 (3d Cir. 2008).

## III. Discussion

We find that the District Court erred by analyzing Francis's Rule 60(b)(4) motion under the rubric used to evaluate 60(b)(1) motions, and that the District Court's finding of specific jurisdiction was not supported by the record. Accordingly, we will vacate the District Court's Order and remand for further findings.

### A. The District Court's Analysis

Pursuant to Rule 60(b)(1), a district court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In considering a motion made under Rule 60(b)(1), a district court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the

7

defendant's culpable conduct." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

Under Rule 60(b)(4), however – wholly distinct from Rule 60(b)(1) – a court may relieve a party from final judgment if "the judgment is void," including if the judgment was rendered by a court that lacked personal jurisdiction over the defendant. Fed. R. Civ. P. 60(b)(4); *Budget Blinds*, 536 F.3d at 258.

In this case, the District Court analyzed Francis's Rule 60(b)(4) motion to vacate the default judgment for lack of personal jurisdiction under the three-factor test used to evaluate Rule 60(b)(1) motions. Specifically, the District Court addressed Francis's arguments regarding personal jurisdiction under the "meritorious defense" prong. *See Arpaio v. Dupre*, No. 08-3548 (JAP), 2012 WL 3527662, at *3 n.1 (D.N.J. Aug. 14, 2012). The balancing test used to evaluate Rule 60(b)(1) motions has no bearing on a district court's jurisdiction over defendants, however – if a district court lacks jurisdiction over a defendant, the judgment is automatically void. *Budget Blinds*, 536 F.3d at 258. Therefore, the District Court erred by analyzing arguments made under Rule 60(b)(4) within the Rule 60(b)(1) rubric.

### B. Personal Jurisdiction

Personal jurisdiction analysis looks to the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *See Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998) (holding that a court may exercise "personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits"). Pursuant to New Jersey's long-arm statute, the

8

exercise of personal jurisdiction over non-resident defendants is allowable to the fullest extent permitted by the Due Process Clause. *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006). Due process requires that a defendant have minimum contacts with the forum state, and that an exercise of jurisdiction over the defendant comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Furthermore, "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'" *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This standard must be applied to each defendant. *Nicholas v. Saul Stone & Co.*, 224 F.3d 179, 184 (3d Cir. 2000) (explaining that jurisdiction over employees of a corporation does not arise automatically from jurisdiction over the corporation, and "[e]ach defendant's contacts with the forum state must be assessed individually").

Whether sufficient minimum contacts exist depends upon "the nature of the interactions and type of jurisdiction asserted." *Telcordia Tech Inc.*, 458 F.3d at 177. Where the cause of action does not arise out of or relate to the defendant's activities in the forum state, but the defendant has "continuous and systematic" contacts with the forum state sufficient to confer personal jurisdiction, a court is said to exercise "general jurisdiction" over the defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). On the other hand, a court exercises "specific jurisdiction" when the defendant has limited contacts with the forum state but the suit against him

9

arises out of or relates to those contacts. *Id.* at 414 n.8; *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Determining whether specific jurisdiction exists involves three steps: (1) the defendant must have purposefully directed his activities to the forum; (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and (3) the assertion of jurisdiction must otherwise comport with fair play and substantial justice. *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008) (quotation marks and citations omitted).

The District Court made no finding as to whether it had general jurisdiction over Francis. It found that it had specific jurisdiction over all three Defendants, however, which is to say that the cause of action arose out of Defendants' contacts with New Jersey. Specifically, the District Court noted that the Plaintiff had alleged that

> Defendants sold the video that forms the basis of her complaint in New Jersey – both on the internet and in retail locations – and that she and others saw or heard about the video and similar products through various mediums directed toward New Jersey residents, including advertising and marketing on the internet, television and in newspapers.

(App. at 8.)

However, nowhere in the record is there evidence that the footage that gives rise to Plaintiff's complaint – in which Ashley Dupre allegedly portrays herself as Plaintiff – was made, sold, or distributed by Defendants in New Jersey or elsewhere. Francis does not dispute that this footage exists, but insist that he was not responsible for the filming and distribution of the footage at issue. Plaintiff supports her allegation with a screenshot from YouTube, news articles in which Francis discusses his discovery of the footage, and evidence suggesting that Girls Gone Wild merchandise is sold in New Jersey. Without

10

connecting the specific video footage at issue to Francis's alleged contacts with New Jersey, Plaintiff has not presented evidence sufficient to demonstrate facts that establish specific personal jurisdiction over him. *See Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (citing *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)) (noting that the plaintiff bears the burden of demonstrating the facts to establish personal jurisdiction).[4] As a result, Plaintiff has failed to satisfy the three-part inquiry identified in *Kehn Oil*, 537 F.3d at 300, and the District Court erred in concluding that, based on the evidence before it, it could assert specific jurisdiction over Francis.

This is not to say that the District Court may not have personal jurisdiction over Francis. In addition to "specific jurisdiction," federal courts have also recognized "general jurisdiction" as a type of personal jurisdiction. *Id.* As noted above, "[g]eneral jurisdiction exists when a defendant has maintained systematic and continous contacts

---

[4] We note the circuit split regarding which party bears the burden of proof in establishing personal jurisdiction in a motion to vacate a default judgment. *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986) ("There is not agreement . . . as to whether the burden remains upon the plaintiff after the plaintiff has obtained a default judgment."); *compare Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("It goes without saying that, where the defendant challenges the court's exercise over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present . . . whether the issue is raised by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4).") *with "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008) ("[I]n a collateral challenge to a default judgment under Rule 60(b)(4), the burden of establishing lack of personal jurisdiction is properly placed on a defendant who had notice of the original lawsuit."). However, we need not address the issue in this case because the parties did not raise it in the District Court. *See Frank v. Colt Indust., Inc.*, 910 F.2d 90, 100 (3d Cir. 1990) ("We generally refuse to consider issues that are raised for the first time on appeal." (internal quotation marks and citation omitted)).

11

with the forum state." *Id.* This is a fact-specific inquiry, and the "nonresident's contacts to the forum must be continuous and substantial" to support the exercise of general jurisdiction. *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1997).

As discussed above, Plaintiff alleges generally that Francis (as one of the Defendants) conducts business in New Jersey, targets New Jersey customers, and promotes and sell Girls Gone Wild products through their website. (App. 91-185.) Looking at the record before us, however, Plaintiff has failed to connect Francis to these acts. The fact that Girls Gone Wild products are sold in New Jersey does not necessarily mean that Francis has sufficient contacts in New Jersey to support general jurisdiction. Vague allegations that Defendants promote and sell Girls Gone Wild products through their website without further evidence does not suffice. While Internet presence, in certain circumstances, can be sufficient to confer jurisdiction, that presence must be purposeful. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 453 (3d Cir. 2003); *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Plaintiff has plainly failed to demonstrate "purposeful availment" in this situation – without more facts, the sale of products on a third-party website simply cannot support the exercise of personal jurisdiction.

That said, the record before us was not supplemented with additional jurisdictional discovery requested by Arpaio. On remand, the District Court may conclude that additional jurisdictional discovery would be helpful in reassessing whether it has jurisdiction over Francis. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331

12

(3d Cir. 2009) (permitting a district court to "allow discovery on jurisdiction in order to aid the plaintiff in discharging . . . [its] burden"); *Masachusetts Ch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (finding that jurisdictional discovery should be allowed unless the plaintiff's claim is "clearly frivolous," which might be the case if a plaintiff makes "a mere unsupported allegation that the defendant 'transacts business' in an area").

Additionally, the District Court did not assess whether it had jurisdiction over each Defendant separately. "Each defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Furthermore, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary." *Id.* This will be especially important on remand, since the District Court will be considering Francis alone. Thus, with regard to personal jurisdiction, Plaintiff must show, and the District Court must rule, specifically as to Francis.

## IV. Conclusion

For the reasons discussed above, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

13